28 F.3d 109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee FOSTER, Defendant-Appellant.
 No. 93-50402.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 4, 1994.
Decided May 23, 1994.
 
 Before: HALL, LEAVY, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Lee Foster appeals from his sentence following conviction on one count of possession with intent to distribute cocaine, arguing that the district court erred by sentencing him as a career offender because one of Foster's prior state criminal convictions upon which the district court relied in imposing sentence was not a drug offense for purposes of federal sentencing law. For the reasons which follow, we vacate the sentence and remand for resentencing.
 
 
 3
 The United States Sentencing Guidelines ("Guidelines" or "USSG") provide that a defendant convicted in federal district court of a controlled substance offense who "has at least two prior felony convictions of ... a controlled substance offense" shall be sentenced as a career offender. USSG Sec. 4B1.1. The Guidelines define a controlled substance offense as "an offense under ... state law prohibiting the ... possession of a controlled substance ... with intent to ... distribute[.]" USSG Sec. 4B1.2(2).
 
 
 4
 Foster was previously convicted of violating Ohio Revised Code ("ORC") Sec. 2925.03(A)(4), which provided at the time that "No person shall knowingly ... [p]ossess a controlled substance in an amount equal to or exceeding the bulk amount but in an amount less than three times that amount[.]" Foster argues that, because ORC Sec. 2925.03(A)(4) contains no language indicating an intent to distribute, his conviction thereunder was for simple possession and, as simple possession, does not constitute a controlled substance offense under the Guidelines.
 
 
 5
 ORC Sec. 2925.03(A)(4) falls short of the federal definition of a controlled substance offense.[1] It does not require the State to prove an intent to distribute. See USSG Sec. 4B1.2(2). In the absence of such proof, Foster's conviction under ORC Sec. 2925.03(A)(4) may not be counted for purposes of career offender sentence enhancement under USSG Sec. 4B1.1. Accordingly, the sentence is
 
 
 6
 VACATED and the case is REMANDED for resentencing.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In reaching this conclusion we necessarily reject the government's argument that by holding, "the [Ohio] legislature merely substituted the element of bulk amount for the element of intent to sell", the Ohio Court of Appeals answered the question of whether ORC Sec. 2925.03(A)(4) is a controlled substance offense. State v. Goodnight, 370 N.E.2d 486, 493 (Ohio App.1977). While this wording may suit Ohio's purposes, it does not comport with the requirement that, for purposes of federal sentencing law, criminal intent to distribute must be proven and not merely implied