**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0387n.06
Filed: June 12, 2007

**No. 06-3467**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| BENJAMIN MENDIETA-ROBLES | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | ON REVIEW FROM THE |
| | ) | BOARD OF IMMIGRATION |
| ALBERTO R. GONZALES, Attorney General, | ) | APPEALS |
| | ) | |
| *Respondent*. | ) | |

**BEFORE:** **KEITH and COLE, Circuit Judges; and OLIVER, District Judge.**[*]

**R. GUY COLE, JR., Circuit Judge.** Benjamin Mendieta-Robles, a lawfully admitted alien from Mexico, petitions this Court for review of a final order of the Board of Immigration Appeals ("BIA"), affirming an immigration judge's order that he be removed as an aggravated felon. Mendieta-Robles pleaded guilty to selling or offering to sell 1,000 grams of cocaine, a felony under Ohio Revised Code ("ORC") § 2925.03(A)(1). The immigration judge determined that this conviction qualified as a drug-trafficking "aggravated felony" under section 101(a)(43)(B) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101(a)(43)(B), subjecting Mendieta-Robles to deportation. 8 U.S.C. § 1227(a)(2)(A)(iii). Because we hold that Mendieta-Robles's Ohio conviction does not qualify as an aggravated felony under the INA, we **REVERSE** the BIA's order

---

[*] The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

dismissing Mendieta-Robles's appeal and **REMAND** this case to the BIA for entry of an order

terminating deportation proceedings against Mendieta-Robles.

## I. BACKGROUND

Mendieta-Robles, a citizen and native of Mexico, was lawfully admitted to the United States

in 1996 as a conditional resident and adjusted to permanent-resident status in 1999.

In October 2002, Mendieta-Robles was arrested and charged in a two-count indictment with

(1) trafficking in cocaine, and (2) possession of cocaine, in violation of ORC §§ 2925.03 and

2925.11, respectively. Count One read as follows:

> Benjamin Medieta . . . , on or about the 8th day of October in the year of our lord,
> 2002, within the county of Franklin aforesaid, in violation of section 2925.03 of the
> Ohio Revised Code, did knowingly sell or offer to sell a controlled substance
> included in Schedule II, to wit: methylbenzoylecgonine, commonly known as cocaine
> in an amount equal to or exceeding one thousand(1,000) grams of cocaine as defined
> in section 2925.01 of the Ohio Revised Code . . . .

(JA 105.) In September 2003, Mendieta-Robles pleaded guilty to Count One only, without

specification, a felony in the first degree. The Franklin County Court of Common Pleas sentenced

Mendieta-Robles to four years' imprisonment and suspended his drivers license for six months.

Soon after, the Department of Homeland Security initiated removal proceedings against

Mendieta-Robles, under 8 U.S.C. § 1227(a)(2)(A)(iii), as an admitted alien who had been convicted

of an "aggravated felony," as defined in 8 U.S.C. § 1101(a)(43). Specifically, the definition of

aggravated felony includes "drug trafficking crimes" and crimes involving "illicit trafficking in a

controlled substance." 8 U.S.C. § 1101(a)(43)(B). At his removal hearing, Mendieta-Robles

conceded that he was convicted under ORC § 2925.03(A)(1) of knowingly selling or offering to sell

a controlled substance, and did not contest the amount of the controlled substance. Mendieta-Robles argued, however, that the statute was divisible and that a mere offer to sell is not an aggravated felony. On October 20, 2003, an immigration judge concluded that Mendieta-Robles's conviction under ORC § 2925.03(A)(1) qualified as an aggravated felony and ordered Mendieta-Robles removed to Mexico. Mendieta-Robles timely appealed to the BIA.

The BIA affirmed the immigration judge's order and dismissed Mendieta-Robles's appeal, concluding that Mendieta-Robles had been convicted of an aggravated felony within the meaning of the INA and Sixth Circuit law. Mendieta-Robles timely appealed.

## II. DISCUSSION

We review de novo whether a state drug conviction qualifies as an aggravated felony under the INA. *Patel v. Ashcroft*, 401 F.3d 400, 407 (6th Cir. 2005) ("[T]he BIA's ultimate conclusion that a particular state conviction amounts to an aggravated felony conviction within the meaning of § 1227(a)(2)(A)(iii) is reviewed *de novo* because such a conclusion depends upon interpreting state statutes and federal statutes unrelated to immigration." (citing *Chery v. Ashcroft*, 347 F.3d 404, 407 (2d Cir. 2003))).

An admitted alien may be deported if he is convicted of an "aggravated felony." 8 U.S.C. § 1227(a)(2)(A)(iii). The INA defines a multitude of offenses that qualify as aggravated felonies—for example, murder, rape, laundering over $10,000, managing a prostitution business, and commercial counterfeiting. *See* 8 U.S.C. § 1101(a)(43). Certain drug offenses may also amount to aggravated felonies if they fall within the following definition: "illicit trafficking in a controlled substance (as defined in [21 U.S.C. § 802]), including a drug trafficking crime (as defined in [18

U.S.C. § 924(c)]).” 8 U.S.C. § 1101(a)(43)(B). In 18 U.S.C. § 924(c)(2), “the term ‘drug trafficking crime’ means any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et seq.),” or two other federal acts not relevant here. The term “aggravated felony” applies to violations of both federal and state law. 8 U.S.C. § 1101(a)(43).

We have interpreted the INA’s definition to provide two routes for a state drug conviction to qualify as an aggravated felony. *United States v. Palacios-Suarez*, 418 F.3d 692, 697 (6th Cir. 2005); *Garcia-Echaverria v. United States*, 376 F.3d 507, 512 (6th Cir. 2004); *accord Gerbier v. Holmes*, 280 F.3d 297, 299 (3d Cir. 2002). Under the first route—the “illicit trafficking” approach—a state drug conviction is an aggravated felony if it is (1) a felony under state law, and (2) contains a trafficking element. *See Garcia-Echaverria*, 376 F.3d at 512; *Gerbier*, 280 F.3d at 299. Under the second route—the “hypothetical federal felony” or “hypothetical felony” approach—a state drug conviction is an aggravated felony if it would be punishable as a felony under the Controlled Substances Act, regardless of whether the conviction is a felony or a misdemeanor under state law. *See Garcia-Echaverria*, 376 F.3d at 512; *Gerbier*, 280 F.3d at 299. The question then is whether Mendieta-Robles’s state drug conviction under ORC § 2925.03 qualifies as an aggravated felony under either of these approaches.

To determine whether a prior conviction should be considered an aggravated felony for deportation purposes, we start with the analytical model constructed by the United States Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990). *See, e.g.*, *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1025-26 (9th Cir. 2005); *Singh v. Ashcroft*, 383 F.3d 144, 148 (3d Cir. 2004); *cf. United States v. Sanders*, 470 F.3d 616, 619 (6th Cir. 2006) (employing *Taylor*’s approach to determine

whether a state conviction was a "violent felony" under the Armed Career Criminal Act). Under this categorical approach, an adjudicator "must look only to the statutory definitions of the prior offenses," and may not "consider other evidence concerning the defendant's prior crimes," including "the particular facts underlying [the] conviction[]." *Taylor*, 495 U.S. at 600. In some cases, however, "the language of the particular subsection of 8 U.S.C. § 1101(a)(43) at issue will invite inquiry into the underlying facts of the case," or "the disjunctive phrasing of the statute of conviction will similarly invite inquiry into the specifics of the conviction." *Singh*, 383 F.3d at 148. In these cases, courts have interpreted "*Taylor*'s edict to include examination of documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction . . . , such as the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings[.]" *United States v. Rivera-Sanchez*, 247 F.3d 905, 908 (9th Cir. 2001) (internal quotations marks, alterations, and citation omitted); *accord Shepard v. United States*, 544 U.S. 13, 26 (2005) (explaining that in a nonjury case, a court might examine not only the "charging document" but also "the terms of a plea agreement," the "transcript of colloquy between judge and defendant," or "some comparable judicial record" of information about the "factual basis for the plea").

Therefore, we must first analyze the statute that formed the basis of Mendieta-Robles's conviction. ORC § 2925.03 is a broad statute that reads in relevant part as follows: "No person shall knowingly . . . [s]ell or offer to sell a controlled substance[.]" ORC § 2925.03(A)(1). The statute punishes a broad range of conduct: an individual can be convicted under it for either selling drugs or merely offering to sell drugs, without possession or even transfer to a buyer. *State v. Chandler*,

846 N.E.2d 1234, 1236-37 (Ohio 2006). Indeed, ORC § 3719.01(AA) defines "sale" extremely broadly to include delivery, barter, exchange, transfer, or even gift. Under the statute, the offense is complete when an offer is made with the requisite intent—neither delivery of the drug, exchange of money, nor a direct unequivocal act towards a sale are necessary elements of the offense. *See, e.g.*, *Chandler*, 846 N.E.2d at 1236-37. This means, for instance, that a mere offer to give away marijuana falls within the ambit of ORC § 2925.03(A)(1).

The relevant documents and judicially noticeable facts do not indicate whether Mendieta-Robles was convicted of selling or merely offering to sell cocaine. Mendieta-Robles pleaded guilty to Count One only: "in violation of section 2925.03 . . . [Mendieta-Robles] did sell or offer to sell at least one thousand (1,000) grams of cocaine that is not crack cocaine . . . ." (JA 105.) No other documents help clarify whether Mendieta-Robles did anything more than offer 1,000 grams of cocaine for sale, exchange, barter, or gift. Nothing in the record indicates whether Mendieta-Robles even possessed cocaine. To be sure, Mendieta-Robles did not plead guilty to Count 2 (possession of cocaine). The only indication that Mendieta-Robles may have done more than simply offer to gift cocaine is the title of Ohio's statutory section to which he pleaded: "Trafficking offenses." ORC § 2925.03. How a state titles its statutory provisions, however, is irrelevant for determining the nature of the statute a defendant was convicted under. *See Warner v. Zent*, 997 F.2d 116, 133 (6th Cir. 1993) ("Such headings, however, do not constitute any part of Ohio law. Resort to a title in construing a statute is unnecessary and improper."). Indeed, the Ohio legislature has stated, "Title, Chapter, and section headings and marginal General Code section numbers do not constitute any part of the law as contained in the 'Revised Code.'" ORC § 1.01.

We now turn to whether Mendieta-Robles's Ohio conviction qualifies as an aggravated felony under the two routes: (1) the "illicit trafficking" approach, and (2) the "hypothetical federal felony" approach. We conclude that it does not.

## A.    "Illicit Trafficking" Approach

Under the "illicit trafficking" approach, a state drug conviction is an aggravated felony if it is (1) a felony under state law, and (2) contains a trafficking element. *Garcia-Echaverria*, 376 F.3d at 512; *Gerbier*, 280 F.3d at 299. Here, there is no question that Mendieta-Robles's conviction under ORC § 2925.03(A)(1) was a felony. The parties dispute, however, whether his conviction contains a trafficking element.

Mendieta-Robles's conviction does not contain a trafficking element. A trafficking element involves the "unlawful trading or dealing of a controlled substance." *Garcia-Echaverria*, 376 F.3d at 513 (citing *Gerbier*, 280 F.3d at 305). "Essential to the concept of trading or dealing is activity of a business or merchant nature, thus excluding simple possession or transfer without consideration." *Steele v. Blackman*, 236 F.3d 130, 135 (3d Cir. 2001) (internal quotation marks and citation omitted). As already noted, ORC § 3719.01(AA) defines "sale" extremely broadly to include delivery, barter, exchange, transfer, or even gift. Thus, an individual may be convicted under ORC § 2925.03(A)(1) without the offered transfer being commercial in nature—Mendieta-Robles could merely have offered to gift 1,000 grams of cocaine. Consistent with this, neither possession nor exchange is a prerequisite to punishment under ORC § 2925.03(A)(1). *Chandler*, 846 N.E.2d at 1236-37.

The Attorney General argues that Mendieta-Robles's conviction falls within the definition

of "illicit trafficking" because either portion of the statute—selling or merely offering to sell cocaine—is, at least, "an attempt to sell cocaine for consideration—i.e. unlawful trading or dealing for profit." (Att'y Gen. Br. 10 (underline omitted).) This argument, however, ignores ORC § 3719.01(AA), which defines "sale" to include gift—a form of transfer that does not require consideration. *See, e.g.*, *Guethlein v. Ohio State Liquor Control Comm.*, No. 05AP-888, 2006 WL 827434, at *3 (Ohio App. Mar. 30, 2006) ("The usual and customary meaning of 'gift' is a 'voluntary transfer of property to another made gratuitously and without consideration.'" (quoting Black's Law Dictionary 688 (6th ed. 1990))).

Accordingly, an individual may be convicted under ORC § 2925.03(A)(1) without trading or dealing in a controlled substance for profit. Here, neither the relevant documents nor judicially noticeable facts indicate whether Mendieta-Robles engaged in commercial trading or dealing of cocaine. Mendieta-Robles's conviction is therefore insufficient to establish that the underlying crime involved "illicit trafficking." *See, e.g.*, *Rivera-Sanchez*, 247 F.3d at 908 ("[I]f the statute and the judicially noticeable facts would allow the defendant to be convicted of an offense other than that defined as a qualifying offense . . . , then the conviction does not qualify as a predicate offense." (internal quotation marks and citation omitted)). Thus, under the "illicit trafficking" approach, his conviction does not qualify as an aggravated felony.

**B.      "Hypothetical Federal Felony" Approach**

Under the "hypothetical federal felony" approach, a state drug conviction is an aggravated felony if it would be punishable as a felony under the Controlled Substances Act, regardless of whether the conviction is a felony or a misdemeanor under state law. *Garcia-Echaverria*, 376 F.3d

at 512; *Gerbier*, 280 F.3d at 299. This approach "'require[s] a comparison between the elements of the [state] drug offense and [the elements of] a federal drug provision referenced in 18 U.S.C. § 924(c)(2) . . . .'" *Steele*, 236 F.3d at 136 (quoting *Matter of Davis*, 20 I. & N. Dec. 536, 541, 1992 WL 443920 (BIA 1992)). In making this determination, the BIA "looks to what the convicting court must necessarily have found to support the conviction and not to other conduct in which the defendant may have engaged in connection with the offense." *Id*.

The Attorney General argues that, as the BIA found, Mendieta-Robles's state conviction is analogous to a felony conviction under two sections of the Controlled Substances Act: 21 U.S.C. §§ 841(a)(1) and 846. We hold that neither are analogous.

As an initial matter, § 841(a)(1) is not analogous to ORC § 2925.03(A)(1). Section 841(a)(1) makes it unlawful for any person to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance[.]" "The term 'distribute' means to deliver . . . a controlled substance . . . ." 21 U.S.C. § 802(11). Because ORC § 2925.03(A)(1) encompasses convictions where the individual neither possessed nor transferred a controlled substance, it is difficult to see how 21 U.S.C. § 841(a)(1) is analogous to the Ohio statute. It would mean that offering to sell cocaine is the same as delivering cocaine.

Moreover, the relevant documents and judicially noticeable facts fail to establish that Mendieta-Robles had the requisite mens rea to commit a distribution crime. To be convicted under ORC § 2925.03(A)(1), an individual need only intend to offer to sell a controlled substance. *Chandler*, 846 N.E.2d at 1236-37; *see also State v. Mughni*, 514 N.E.2d 870, 872 (Ohio 1987) (holding that an offense is complete under ORC 2925.03(A)(1) when a person knowingly offers to

*sell* a controlled substance); *State v. Scott*, 432 N.E.2d 798, 799 (Ohio 1982) ("The proscribed conduct is offering to sell a controlled substance, not offering the controlled substance. Therefore, our analysis of the statute should not turn on whether appellant transferred a controlled substance."). On the other hand, under § 841(a)(1), an individual must intend to or knowingly distribute a controlled substance. 21 U.S.C. § 841 ("[I]t shall be unlawful for any person to knowingly or intentionally . . . distribute . . . a controlled substance . . . ."); *accord, e.g.*, *United States v. Pope*, 561 F.2d 663, 670 (6th Cir. 1977) ("The 'intent to distribute' is an essential element of § 841(a)(1). . . . 21 U.S.C. § 841(a)(1) requires both general criminal intent and the specific 'intent to distribute' before a violation is proven."). Thus, the mens rea elements of each crime are substantially different. That is, an individual may be convicted under § 2925.03(A)(1) without having any intent to distribute a controlled substance. *Cf. United States v. Garza*, 410 F.3d 268, 274–76 (5th Cir. 2005) (holding that offers to transport, sell, furnish, administer or give away a controlled substance do not fall within the definition of "drug trafficking offense" under U.S.S.G. § 2L1.2); *United States v. Foster*, No. 93-50402, 1994 WL 201201, at *1 (9th Cir. May 23, 1994) ("ORC § 2925.03(A)(4) falls short of the federal definition of a controlled substance offense. It does not require the State to prove an intent to distribute.").

The Attorney General's argument that Mendieta-Robles's Ohio conviction is analogous to a conviction under § 846 must fail for the same reason. To be convicted of attempted distribution, the Government must prove that (1) the defendant acted "with the kind of culpability otherwise required for the commission of the crime which he is charged with attempting," and (2) the defendant "engaged in conduct constituting a substantial step toward commission of the crime . . . ."

*United States v. Stone*, 960 F.2d 426, 433 (5th Cir.1992) (quotation marks and citation omitted); *see also, e.g.*, *United States v. Pratt*, 351 F.3d 131, 135 (4th Cir. 2003) ("An attempt to commit a crime, which is recognized as a crime distinct from the crime intended by the attempt, punishes conduct that puts in motion events that would, from the defendant's point of view, result in the commission of a crime but for some intervening circumstance."). Because, here, a hypothetical conviction under § 846 would require the government to prove that Mendieta-Robles acted with the same mens rea as a conviction under § 841, and because, as already noted, the mens rea elements of § 841 and ORC § 2925.03(A)(1) are substantially different, Mendieta-Robles's Ohio conviction would also not be punishable as a felony under § 846.

**C.** _____ *Matter of Garcia-Torres*

A recent BIA decision supports our analysis. In *Matter of Garcia-Torres*, No. A45-864-724, (BIA Oct. 19, 2006), the BIA held that there was insufficient evidence to conclude that Garcia-Torres's two convictions under ORC § 2925.03(A) qualified as an "aggravated felony" under the INA. The BIA first addressed the "hypothetical federal felony" approach. The BIA explained that offering to sell a controlled substance can be simplified to a verbal or written communication, which entails no physical delivery of a controlled substance, and, without the act of delivery, Garcia-Torres could not be found to have distributed cocaine. Similarly, the BIA also concluded that Garcia-Torres's conviction did not amount to an aggravated felony under the "illicit drug trafficking" approach. The BIA found that the record failed to disclose whether Garcia-Torres was convicted of selling cocaine for profit. The BIA noted that it is possible for an individual to be convicted under ORC § 2925.03(A)(1) without trading or dealing in a controlled substance for profit. Even though

the BIA found that the record did not support a conclusion that Garcia-Torres's conviction qualified

as an aggravated felony, the BIA remanded the case to the immigration court to allow both parties

the opportunity to introduce evidence as to whether either of Garcia-Torres's convictions qualified

as an aggravated felony under the INA.

Although we agree with the BIA's analysis in *Garcia-Torres*, a remand in this case is

unnecessary. As already noted, reviewing courts "must look only to the statutory definitions of the

prior offenses," and may not "consider other evidence concerning the defendant's prior crimes,"

including, "the particular facts underlying [a] conviction[]." *Taylor*, 495 U.S. at 600. Only in

limited circumstances may courts look beyond the conviction and examine documentation or

judicially noticeable facts that clearly establish the conviction as a predicate conviction, such as the

indictment, the judgment of conviction, a signed guilty plea, or the transcript from the plea

proceedings. *Rivera-Sanchez*, 247 F.3d at 908. Because, in this case, the relevant documents are

already part of the record, a remand to supplement the record is unnecessary. We have a complete

record with which to make a final determination.

**D.      Two Recent Supreme Court Decisions**

Finally, the Attorney General calls our attention to two recent Supreme Court decisions:

*Gonzales v. Duenas-Alvarez*, 549 U.S. ____, 127 S. Ct. 815 (2007), and *James v. United States*, 549

U.S. ____, 127 S.Ct. 1586 (2007). Neither helps the Attorney General.

In *Duenas-Alvarez*, the Supreme Court addressed whether a conviction for aiding and

abetting a theft, under California law, qualified as a "generic theft offense" under the INA. 127 S.

Ct. at 820. In holding that the California conviction qualified, the Supreme Court rejected Duenas-

Alvarez's argument that the California statute, under which he was convicted, punished conduct outside the scope of generic definition of theft (as the term is now used in the criminal codes of most states). *Id*. at 822. The Supreme Court explained that,

> [m]oreover, in our view, to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic possibility, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

*Id*.

The Attorney General takes *Duenas-Alvarez* to mean that we should proceed assuming Mendieta-Robles was convicted of selling cocaine instead of offering to sell cocaine because it is less likely he was simply a cocaine offerer—despite the relevant documents' silence as to the specifics of Mendieta-Robles's conviction. This argument fails for two reasons. First, it requires us to ignore the clear language of ORC § 2925.03(A)(1) ("No person shall . . . [s]ell or offer to sell a controlled substance"), which expressly and unequivocally punishes both sales and offers. Second, that a defendant could be convicted under ORC § 2925.03(A)(1) for offering to sell a controlled substance is not a "theoretical possibility," nor does it require "the application of legal imagination." Rather, as the Ohio Supreme Court has repeatedly stated, "[u]ndoubtedly, a person can be convicted for offering to sell a controlled substance in violation of [ORC] § 2925.03(A)(1) without actually transferring a controlled substance to the buyer." *Chandler*, 846 N.E.2d at 1236-37; *accord, e.g.*, *Mughni*, 514 N.E.2d at 872; *Scott*, 432 N.E.2d at 799. Thus, *Duenas-Alvarez* is inapposite.

- 13 -

Neither does *James v. United States* assist the Attorney General. In *James*, the Supreme Court addressed whether attempted burglary, under Florida law, is a "violent felony" under the Armed Career Criminal Act. 127 S. Ct. at 1590. In holding that the Florida attempted-burglary statute did qualify as a "violent felony," the Supreme Court explained that *Taylor*'s categorical approach does not "require[] that every conceivable factual offense covered by a statute . . . necessarily present a serious potential risk of injury before the offense can be deemed a violent felony." *Id*. at 1597 (citing *Duenas-Alvarez*, 127 S. Ct. at 815). "Rather, the proper inquiry is whether the conduct encompassed by the elements of the offense, *in the ordinary case*, presents a serious potential risk of injury to another." *Id*. (emphasis added).

Here, the Attorney General relies on *James* to contend that "selling" is the ordinary conviction under ORC § 2925.03(A)(1) and "offering to sell" is merely a conceivable factual offense covered by the statute. We do not agree for the same two reasons that *Duenas-Alvarez* is inapposite. First, "offering to sell" is more than a conceivable factual offense covered by ORC § 2925.03(A)(1). Section 2925.03(A)(1) by its own terms expressly contemplates and punishes offers to sell. ORC § 2925.03(A)(1) ("No person shall . . . [s]ell or offer to sell a controlled substance"). Moreover, as noted, the Ohio Supreme Court has repeatedly stated that an offense under section 2925.03(A)(1) is complete merely by making an offer to sell. *See, e.g.*, *Chandler,* 846 N.E.2d at 1236-37; *Mughni*, 514 N.E.2d at 872; *Scott*, 432 N.E.2d at 799.

### III. CONCLUSION

For the foregoing reasons, we **REVERSE** the BIA's order dismissing Mendieta-Robles's

appeal and **REMAND** this case to the BIA for entry of an order terminating deportation proceedings

against Mendieta-Robles.