Ian B. RODRIGUES, Petitioner

v.

ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.

No. 09–4077.

United States Court of Appeals,
Third Circuit.

Submitted are Petitioner's
motion for a temporary stay
of removal and Government's

motion to dismiss for lack
of jurisdiction Nov. 4, 2009.

Opinion filed: Nov. 13, 2009.

Ian B. Rodrigues, York, PA, pro se.

Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., United States Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before: SLOVITER, FUENTES and NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

Petitioner Ian B. Rodrigues [1] (a/k/a Michael Smith) petitions for review of a decision rendered by the Board of Immigration Appeals ("BIA") on October 8, 2009. For the reasons that follow, we will summarily grant the petition for review.

I. *Background*

On August 11, 2009, the Immigration Judge ("IJ") rendered a decision ordering Rodrigues's removal. Rodrigues filed a

---

1. In his submission, the Petitioner's surname is spelled several different ways, including "Rodriques," "Rodriquez," and "Rodriqes." For consistency, the Court will employ the spelling "Rodrigues."

notice of appeal with the BIA. In a decision issued on October 8, 2009, the BIA concluded that Rodrigues did not timely file the notice of appeal. Accordingly, the BIA did not consider the merits of Rodrigues's claims and instead returned the record to the Immigration Court without further action.

Rodrigues filed a timely *pro se* petition for review.[2] He has moved for a temporary stay of removal. The Government opposes a stay and has moved to dismiss for lack of jurisdiction.

## II. *Analysis*

■ The Government argues that this Court lacks jurisdiction because the IJ concluded that Rodrigues is removable for having been convicted of an aggravated felony and a controlled substance violation. *See* INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii) ]; INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(I) ]. Pursuant to INA § 242(a)(2) [8 U.S.C. § 1252(a)(2) ], this Court generally lacks jurisdiction to review a final order of removal against an alien who is removable by reason of having committed such offenses. *See* INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D) ]. The Government argues that, because Rodrigues's petition for review does not raise a constitutional claim or question of law capable of judicial review, *see* INA § 242(a)(2)(D) [8 U.S.C. § 1252(a)(2)(D) ], the petition for review must be dismissed.

We disagree. The BIA never considered the merits of the IJ's decision, including the IJ's conclusions about Rodrigues's criminal convictions and the grounds for removability. Because the BIA dismissed the appeal as untimely filed, the IJ's underlying decision is not properly before us at this time. *See Bejar v. Ashcroft,* 324 F.3d 127, 132 (3d Cir.2003) ("[A]n alien's failure timely to appeal to the BIA ... constitutes a failure to exhaust administrative remedies.").[3] Accordingly, the IJ's decision does not provide a basis for concluding that this Court lacks jurisdiction over the appeal.

In his petition for review, Rodrigues disputes, *inter alia*, the BIA's conclusion that Rodrigues untimely filed his notice of appeal.[4] As the Court of Appeals for the Eighth Circuit has observed, "[t]he BIA's ruling that it lacks 'jurisdiction' to consider an untimely appeal from a final order of removal has the effect of depriving the alien of judicial review that is otherwise mandated by statute for failure to exhaust this available administrative remedy. In these circumstances, a reviewing court necessarily has jurisdiction to review the agency's jurisdictional ruling." *Liadov v. Mukasey,* 518 F.3d 1003, 1007 (8th Cir. 2008). Accordingly, we have jurisdiction to consider the BIA's timeliness determi-

---

**2.** On October 11, 2009, Rodrigues filed a motion for reconsideration with the BIA. It appears that the motion remains pending.

**3.** We note that the BIA did not refer to the date stamp on Rodrigues' notice of appeal (Form EOIR–26) that reads "Received DHS 2009 Sept 8 3:56 Office of the Chief Counsel York" which Rodrigues included as an exhibit to his motion for reconsideration as evidence that his notice of appeal was received before September 10, 2009.

**4.** Rodrigues also disputes the IJ's underlying decision. As previously discussed, the BIA

has not yet considered the IJ's decision. We may not consider these claims because Rodrigues has not exhausted his administrative remedies with the BIA. *See* INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)]; *Bejar,* 324 F.3d at 132. However, as discussed *infra*, we will remand this matter the BIA for consideration on the merits. We note that, in the event the BIA does not rule in Rodrigues's favor and he wishes to pursue the matter further, he must file a timely petition for review of the BIA's new ruling.

nation.[5] *See, e.g., Irigoyen–Briones v. Holder,* 582 F.3d 1062 (9th Cir.2009); *Khan v. Dep't of Justice,* 494 F.3d 255, 260 (2d Cir.2007).

█ Based upon the available evidence, we conclude that Rodrigues's notice of appeal should be treated as having been timely filed with the BIA. Accordingly, we will summarily remand this matter so the BIA may consider Rodrigues's claims on the merits.

### III. *Conclusion*

For the foregoing reasons, we will grant the petition for review and remand this matter to the BIA for further consideration consistent with this opinion. The Government's motion to dismiss for lack of jurisdiction is denied. Rodrigues's motion for a temporary stay of removal is denied as moot.

---

**5.** Rodrigues's pending motion for reconsideration before the BIA does not undermine this Court's ability to consider the petition for review. *See, e.g., Stone v. INS,* 514 U.S. 386, 395, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (the period for filing a petition for review of a BIA decision is not tolled by filing a subsequent motion before the BIA).