**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2705
_____

IAN B. RODRIGUES,
                                             Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                             Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. 044-137-068)
Immigration Judge:  Honorable Walter Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 15, 2011

Before:  FUENTES, GREENAWAY, JR., and ROTH, Circuit Judges

(Opinion filed February 22, 2011)
_____

OPINION
_____

PER CURIAM

       Ian Boyd Rodrigues is a native and citizen of Jamaica who was convicted, on

October 29, 2002, for trafficking in marijuana in violation of Ohio Revised Code §

2925.03.  The Government charged Rodrigues as removable for having been convicted of

an aggravated felony and a controlled substance violation, in violation of 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1227(a)(2)(B)(i), respectively. The Immigration Judge ("IJ") sustained the charges. Initially, the Board of Immigration Appeals ("BIA") rejected Rodrigues's subsequent appeal as untimely filed. Rodrigues filed a petition for review, which we granted. See Rodrigues v. Attorney Gen. of the United States, 352 F. App'x 615 (3d Cir. 2009). Concluding that the agency appeal had been timely filed, we remanded the matter to the BIA for consideration of Rodrigues's claims on the merits. See id. at 617.

On remand, the BIA upheld the IJ's decision. The BIA rejected Rodrigues's claims that his conviction did not contain a trafficking element involving unlawful trading or dealing in a controlled substance and that the Government did not submit proper documentation to satisfy its burden of proof. The BIA concluded that the Government submitted sufficient evidence by presenting copies of a judgment entry and an indictment from the Court of Common Pleas in Franklin County, Ohio, which established that Rodrigues pleaded guilty to trafficking in marijuana in violation of the Ohio statute and received a three-year prison sentence. Then, applying a modified categorical approach, the BIA considered the judgment entry and indictment and determined that it indicated that Rodrigues's offense involved trafficking of more than a small amount of marijuana, corresponded to Ohio Revised Code § 2925.03(A)(2), and was equivalent to a federal drug felony under 21 U.S.C. § 841(a). The BIA held that Rodrigues was removable as charged. The BIA rejected Rodrigues's claims that his due process and Miranda rights had been violated. The BIA also denied Rodrigues's motion

2

to reopen.

Rodrigues presents a *pro se* petition for review. He argues that he was not convicted of an aggravated felony and that the evidence before the IJ did not prove the contrary. He also contends that the Government violated his right to due process and his protections against double jeopardy, cruel and unusual punishment, and involuntary servitude by filing two notices to appear in his case. More specifically, Rodrigues complains that the Government used the first notice to appear to lodge an immigration detainer against him, but did not proceed against him with removal proceedings until five years later when a revised notice to appear issued. Rodrigues also argues that the IJ violated his right to due process by not informing him of potentially available relief from removal.

The Government moves to dismiss Rodrigues's petition in light of his conviction for an aggravated felony. The Government argues that Rodrigues is an aggravated felon who was charged with, pleaded guilty to, and does not deny that he was convicted of, a controlled substance violation. The Government further contends that Rodrigues does not raise a constitutional claim or a question of law over which we have jurisdiction. The Government also otherwise argues that Rodrigues's claims are without merit (including one claim that the Government describes as unexhausted).

Because the basis for Rodrigues's removal is his conviction for an aggravated felony, our jurisdiction is limited by the REAL ID Act; however, we retain jurisdiction over constitutional claims and questions of law. See Pierre v. Attorney Gen. of the United States, 528 F.3d 180, 184 (3d Cir. 2008) (*en banc*) (citing 8 U.S.C. §

3

1252(a)(2)(C)-(D)); see also Silva-Rengifo v. Attorney Gen. of the United States, 473 F.3d 58, 63 (3d Cir. 2007) (citing Kamara v. Attorney Gen. of the United States, 420 F.3d 202, 210-11 (3d Cir. 2005), for the proposition that the "jurisdictional grant regarding appeals by aggravated felons extends not just to legal determinations but also to application of law to facts"). Despite the Government's argument to the contrary, Rodrigues does raise questions of law, such as his claim that he was not convicted of an aggravated felony.

However, Rodrigues's claim that he was not convicted of an aggravated felony (and its corollary, that the Government did not prove that he had been convicted of one) is without merit. The copies of his judgment entry and his indictment serve as sufficient evidence of a conviction in this case. See 8 C.F.R. § 1003.41. Furthermore, his conviction constitutes an aggravated felony. "A state drug conviction constitutes an aggravated felony if (a) it would be punishable as a felony under the federal Controlled Substances Act, or (b) it is a felony under state law and includes an illicit trafficking element." See Catwell v. Attorney Gen. of the United States, 623 F.3d 199, 206 (3d Cir. 2010) (quoting Evanson v. Attorney Gen. of the United States, 550 F.3d 284, 288 (3d Cir. 2008)). Because the Ohio statute under which Rodrigues was convicted criminalizes conduct relating to the mere sale of drugs as well as the trafficking of drugs, the BIA did not err in applying the modified categorical approach to determine what elements were at the basis of Rodrigues's guilty plea and conviction. See Evanson, at 290-92. Rodrigues pleaded guilty to Count I of his indictment, which stated that he violated Ohio Revised Code § 2925.03 because he "did knowingly prepare for shipment, ship, transport, deliver,

4

prepare for distribution, or distribute a controlled substance included in Schedule I, to wit: Marijuana in an amount equal to or exceeding twenty thousand (20,000) grams . . . knowing or having reasonable cause to believe the controlled substance was intended for sale or resale by [others]." As the BIA concluded, this language corresponds to a violation of Ohio Revised Code § 2925.03(A)(2), and is equivalent to a federal drug felony under 21 U.S.C. § 841, see Evanson, 550 F.3d at 289.

Although Rodrigues contends additionally that 20,000 grams did not accurately describe the amount of marijuana at issue, he pleaded guilty to a felony in the third degree under Ohio law. Accordingly, even if we assume the minimum conduct necessary for the third degree felony, see Jeune v. Attorney Gen. of the United States, 476 F.3d 199, 204 (3d Cir. 2007), the trafficking conviction involved at least 200 grams of marijuana, see ORC § 2925.03(C)(3)(c)-(e), significantly more than the small amount that would qualify for the exception for simple possession, see 8 U.S.C. § 1227(a)(2)(B)(i); Catwell, 623 F.3d at 209. Also, Rodrigues's case is distinguishable from the Sixth Circuit case he cites, which dealt with a violation of Ohio Revised Code § 2925.03(A)(1) (not § 2925.03(A)(2)). See Mendieta-Robles v. Gonzales, 226 F. App'x 564 (6th Cir. 2007).

In his brief, in addition to contesting the conclusion that he was convicted of an aggravated felony, Rodrigues argues that the Government should not have issued two notices of appear or used the first notice to appear as the basis to have him detained.[1]

---

[1] Rodrigues does not, however, specifically challenge the BIA's determination that he is also removable for having been convicted of a controlled substance violation. Accordingly, we find any such challenge waived. See Ghana v. Holland, 226 F.3d 175, 180 (3d Cir. 2000).

Rodrigues's claims about the notices to appear and his detention do not relate to his final order of removal. Accordingly, we do not have jurisdiction over them. See Nnadika v. Attorney Gen. of the United States, 484 F.3d 626, 631 (3d Cir. 2007) (citing Kumarasamy v. Attorney Gen. of the United States, 453 F.3d 169, 172 (3d Cir. 2006), for its proposition that we have jurisdiction under the REAL ID Act only over challenges to a final order of removal).

Even if the claims about the notices to appear could be seen as somehow relating to the final order of removal, the REAL ID Act specifically deprives us of jurisdiction to review the Government's decisions relating to initiating removal proceedings against Rodrigues. See 8 U.S.C. § 1252(g). The Government has prosecutorial discretion in regards to whether and when it commences removal proceedings against an alien. See Matter of Bahta, 22 I & N Dec. 1381, 1391 (BIA 2000). Also, as Rodrigues knows, given his pursuit of habeas relief in the United States District Court for the Middle District of Pennsylvania, his detention claim is the type of matter over which a district court has jurisdiction, see 28 U.S.C. § 2241, although it appears that his claim has been mooted by his release and removal to Jamaica.

Lastly, Rodrigues presents a claim that the IJ violated his right to due process by not informing him of potentially available relief from removal. However, Rodrigues did not exhaust this issue because he did not raise it in his brief before the BIA. R. 15-57. Accordingly, we cannot consider it. See Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005).

In summary, we deny the Government's motion to dismiss the entire petition. We

6

will, however, dismiss Rodrigues's petition in part insomuch as it raises claims over which we do not have jurisdiction for the reasons given above. We will otherwise deny the petition.