United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 12, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20492
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARTIN ARIZAGA-ACOSTA,
also known as Martin Anuzaca-Acosta

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

Before JONES, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:

Martin Arizaga-Acosta pleaded guilty to attempting to enter the United States unlawfully after deportation for an aggravated felony. Arizaga-Acosta now appeals his sentence, arguing that the district court erred in treating his prior conviction for possession of a listed chemical with intent to manufacture a controlled substance as a "drug-trafficking offense" for purposes of enhancing his sentence under U.S.S.G. § 2L1.2. In support of his argument, Arizaga-Acosta contends that: 1) the commentary to the U.S.S.G. § 2L1.2 definition of "drug trafficking offense" does not include possession of a listed chemical with intent to manufacture; 2) the district court erred in relying on

United States v. Calverley in determining that Arizaga-Acosta's prior conviction was effectively a conviction for attempt to manufacture a controlled substance; and 3) the structure of the Sentencing Guidelines, specifically changes in the definitions of drug trafficking and controlled substance offenses in U.S.S.G. §§ 2L1.2 and 4B1.2, enhance his argument that his prior conviction does not fall under § 2L1.2.

On appeal from sentencing decisions, we review the district court's application of the sentencing guidelines de novo. United States v. Montgomery, 402 F.3d 482, 485 (5th Cir. 2005). See also United States v. Villegas, 404 F.3d 355 (5th Cir. 2005). Arizaga-Acosta argues that Section 2L1.2's definition of a "drug trafficking offense" does not encompass his prior federal conviction for conspiracy to possess a listed chemical (ephedrine) with intent to manufacture methamphetamine. See U.S.S.G. § 2L1.2, cmt. n.1(B)(iv). At the sentencing hearing, the district court relied on United States v. Calverley, 11 F.3d 505, 512 (5th Cir. 1993), vacated en banc, 37 F.3d 160 (5th Cir. 1994), to determine that Arizaga-Acosta's prior offense was substantially similar to the offense of attempt to manufacture a controlled substance, which is included within § 2L1.2's definition of drug trafficking. The district court decided to rely on the persuasive authority of Calverley, despite its subsequent vacatur, because it reasoned that the en banc decision did not reach a different result on the issue of whether possession of a listed chemical with intent to

manufacture a controlled substance was substantially similar to attempted manufacturing of a controlled substance.

The district court's reliance on Calverley was understandable, but ultimately incorrect in light of subsequent developments. The en banc court in Calverley indeed held that a district court had not plainly erred when it considered a conviction for possession of a listed chemical with intent to manufacture a controlled substance as a controlled substance offense for purposes of section 4B1.2 of the Sentencing Guidelines. Calverley, 37 F.3d at 164-65. In so holding, part of the en banc court's rationale was that the definition of a controlled substance offense had recently narrowed because of an amendment to the Guidelines. Id. Accordingly, the en banc court did not endorse the district court's holding; rather, in light of the recent amendment, it held that the legal question was sufficiently unclear, and therefore the district court could not be said to have committed plain error. Id. at 165.

Subsequent to this court's decision in Calverley, the Sentencing Commission amended the Guidelines again specifically to include possession of a listed chemical with intent to manufacture a controlled substance within the definition of "controlled substance offense" provided in U.S.S.G. § 4B1.2. While amending that Guideline, however, the Sentencing Commission declined to similarly amend the definition of "drug trafficking offense" in U.S.S.G. § 2L1.2. Thus, although the general definitions of a

3

drug-related offense are the same in both guidelines, only § 4B1.2 includes the offense of possession with intent to manufacture.

By relying on the panel's reasoning in <u>Calverley</u>, and concluding that the meaning of the phrase "drug trafficking offense" and "controlled substance offense" is the same in both sections of the Guidelines, the district court overlooked the Sentencing Commission's more recent decision to use different definitions. <u>See</u> <u>Bates v. United States</u>, 522 U.S. 23, 29-30, 118 S. Ct. 285, 290 (1997) (noting that when a law includes particular language in one section, but omits it in another section of the same law, it is generally presumed that the enacting body acts "intentionally and purposely in the disparate inclusion or exclusion"). Additionally, the Application Notes from § 4B1.2 of the Guidelines specifically declare that the Notes are to be used for the purposes of that Guideline. U.S.S.G. § 4B1.2 cmt. n.1. Therefore, it is only "[f]or purposes of [§ 4B1.2]" that "[u]nlawfully possessing a listed chemical with intent to manufacture a controlled substance (21 U.S.C. § 841(d)(1)) is a 'controlled substance offense.'" U.S.S.G. § 4B1.2 cmt. n.1. As noted supra, under § 2L1.2, the Application Notes do not contain the language specifically included under § 4B1.2 cmt. n.1. By importing the language of the Application Notes from § 4B1.2 of the Guidelines into § 2L1.2, the district court contradicted the express language of the Guidelines.

4

The district court also briefly mentioned <u>United States v. Rodriquez-Duberney</u>, 326 F.3d 613 (5th Cir. 2003) in deciding to approach § 2L1.2's "drug trafficking offense" definition broadly and include possession of a listed chemical with intent to manufacture within the definition. As the district court pointed out, however, <u>Rodriquez-Duberney</u> is not directly on point, and does not provide a sufficient basis for the district court's determination.

In sum, Arizaga-Acosta's prior conviction for possession of a listed chemical with intent to manufacture a controlled substance does not qualify as a "drug-trafficking offense" for purposes of enhancing his sentence under § 2L1.2 of the Guidelines.

For the purpose of possible future review, Arizaga-Acosta also argues that after <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S. Ct. 2348 (2000), the viability of <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 118 S. Ct. 1219 (1998), is in doubt and that <u>Almendarez-Torres</u> should be overruled. This court must follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it." <u>United States v. Mancia-Perez</u>, 331 F.3d 464, 470 (5th Cir. 2003) (internal quotation and citation omitted).

In his reply brief, filed after <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005), Arizaga-Acosta argues that, even under plain error review, his sentence should be vacated because he was sentenced under mandatory Sentencing Guidelines.

5

Because Arizaga-Acosta's sentence has been vacated, we need not consider Arizaga-Acosta's <u>Booker</u> argument.  <u>See</u> <u>Villegas</u>, 404 F.3d at 365.

For the foregoing reasons, the sentence is **VACATED** and **REMANDED** for resentencing in accordance herewith.