**Firas Mohammed AL–HUSSEINI, Plaintiff–Appellant,**

v.

**Alberto R. GONZALES, Attorney General, of the US; et al., Defendants–Appellees.**

No. 05–15835.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2006.

Filed Dec. 19, 2006.

does not change the plaintiffs' inability to bring the present action.

Frank P. Sprouls, Law Office of Ricci and Sprouls, San Francisco, CA, for Plaintiff–Appellant.

Sara Winslow, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, for Defendants–Appellees.

Before: D.W. NELSON, COWEN,* and BERZON, Circuit Judges.

## MEMORANDUM **

We agree with the district court's conclusion that Al–Husseini was ineligible to naturalize under 8 U.S.C. § 1101(f)(8) due to his 1991 California state conviction under California Health and Safety Code § 11352(a) for selling cocaine, which constituted an aggravated felony. The parties do not contest the issue of whether a violation of § 11352 constitutes an aggravated felony under the categorical approach. *See United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001) (concluding that "the full range of conduct encompassed by [an analogous] statute does not constitute an aggravated felony under 8 U.S.C. § 1101(a)(43)(B)" because it punishes solicitation as well as trafficking in drugs). In this case, the Attorney General produced the Information and the abstract of judgment to show that petitioner had committed an aggravated felony that made him ineligible for naturalization. The information demonstrates that Al–Husseini was charged with four counts of selling and offering to sell cocaine in violation of California Health and Safety Code § 11352(a), and the abstract of judgment shows that Al–Husseini pled guilty to Counts 1, 2, and 4 of "Sell, Offer to Sell–Cocaine."

Charging documents alone are not sufficient to determine the nature of the convicted offense under the modified categorical approach, *see United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir. 2002), overruled on other grounds by *United States v. Vidal,* 426 F.3d 1011 (9th Cir.2005). Therefore we look to the abstract of judgment to determine whether the petitioner committed an aggravated felony. Although the determination in the abstract of judgment that Al–Husseini pled guilty to "Sell, Offer to Sell–Cocaine" is ambiguous in identifying whether he was convicted of the aggravated felony of selling cocaine or the non-aggravated felony of offering to sell cocaine, *see United States v. Navidad–Marcos,* 367 F.3d 903, 906–09 (9th Cir.2004) (concluding that a charge of selling or offering to sell cocaine combined with a similar guilt determination in the abstract of judgment did not unequivocally demonstrate that the petitioner had com-

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

mitted an aggravated felony), it states unequivocally that Al–Husseini "ADMITTED" to "Ct. 4 ALLEG.—1203.073(b)(1)" of the California Penal Code. That section of the Code denies probation to individuals who have either "possess[ed] for sale" or sold more than 28.5 grams of cocaine. CAL.PENAL CODE § 1203.073(b)(1). Under this Circuit's law, possession with intent to sell cocaine qualifies as a "drug trafficking crime." *United States v. Mosley,* 465 F.3d 412, 415 (9th Cir.2006). Because "drug trafficking crime[s]" are aggravated felonies under 8 U.S.C. § 1101(a)(43), Al–Husseini is ineligible for naturalization.

**AFFIRMED.**