IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-40023

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RUBEN GODINO-MADRIGAL

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-489

Before KING, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to illegal entry following deportation, in violation of 8 U.S.C. § 1326(b), Ruben Godino-Madrigal challenges only his 45 months' imprisonment. Godino primarily contests a prior-drug-trafficking-offense sentence enhancement. AFFIRMED.

I.

In imposing that enhancement, the district court relied upon the presentence investigation report (PSR), which recommended a 16-level increase

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to the offense level, based on Godino's prior "drug trafficking offense": "Possession With Intent to Manufacture Methamphetamine". After a 3-level acceptance-of-responsibility reduction, the offense level was 21, yielding an advisory guidelines sentencing range of 41 to 51 months. Included in the record were the underlying several-count charging document (an information) and abstract of judgment.

In the charging document, one of the counts charged Godino with "possess[ing] ephedrine with the intent to manufacture methamphetamine", in violation of California Health and Safety Code § 11383(c). The second count charges he "did sell, furnish, administer, give away, and offer to sell, furnish, administer, and give away a controlled substance, to wit: METHAMPHETAMINE", in violation of California Health and Safety Code § 11379(a). A second paragraph in this second count adds: "It is further alleged [Godino and his two co-defendants] did sell 57 grams and more of a substance containing methamphetamine".

The abstract of judgment, describing the latter count as "SALE/ METHAMPHETAMINE", shows Godino pleaded guilty to both counts. He received four- and three-year sentences respectively.

At sentencing, Godino stated his counsel had read the PSR to him and no corrections were needed, and his counsel agreed the advisory guidelines range was correct. Later, in response to the district judge's asking, "We are agreed that [the above-described prior] conviction is an aggravated felony"?, Godino's counsel agreed.

## II.

## A.

As a threshold matter, the Government contends Godino knowingly waived his right to challenge the enhancement because his counsel agreed the prior conviction was an "aggravated felony". "Waiver is the intentional

2

relinquishment or abandonment of a known right." United States v. Arviso-Mata, 442 F.3d 382, 384 (5th Cir.) (holding agreement with the PSR alone does not constitute waiver), cert. denied, 126 S. Ct. 2309 (2006). Although Godino agreed his prior offense was an "aggravated felony", for which Guideline § 2L1.2 provides an eight-level enhancement, there is no evidence he knowingly abandoned his right to challenge the imposed (greater) 16-level "drug-trafficking offense" enhancement. See U.S.S.G. § 2L1.2; see also United States v. Castaneda-Baltazar, 239 Fed. App'x 900 (5th Cir.) (per curiam) (unpublished), cert. denied, 2007 WL 2803663 (29 Oct. 2007).

B.

As part of the process for determining whether a post-Booker sentence is reasonable, "the appellate court . . . must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range". Gall v. United States, 128 S. Ct. 586, 597 (2007). For sentencing issues properly preserved in district court, its application of the now-advisory Guidelines is reviewed de novo; its findings of fact, only for clear error. E.g., United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006); United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005). If "the district court's sentencing decision is procedurally sound, the appellate court should then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard". Gall, 128 S. Ct. at 597.

1.

This review differs, of course, if, as here, it is instead only for plain error. Because Godino did not object to the enhancement, his belated challenge is reviewed under that far more narrow standard. E.g., United States v. Gonzales, 484 F.3d 712, 714 (5th Cir.), cert. denied, 127 S. Ct. 3031 (2007). For such review, we first determine whether there is "(1) error, (2) that is plain, and (3) that affects substantial rights". E.g., United States v. Mares, 402 F.3d 511, 520 (5th

3

Cir. 2005). Even if there is, we have discretion whether to correct it; generally, we will do so only if "(4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings". E.g., id.

Under this narrow standard of review, an error is not "plain" unless it is "clear" or "obvious". United States v. Olano, 507 U.S. 725, 734 (1993). Godino contends the district court committed clear or obvious error by imposing the 16-level enhancement because his conviction for "possession of ephedrine with intent to manufacture methamphetamine" is not a drug-trafficking offense under § 2L1.2. If the district court imposed the enhancement on the basis of this conviction, it was plain error to do so. See United States v. Arizaga-Acosta, 436 F.3d 506, 507 (5th Cir.), cert. denied, 126 S. Ct. 1454 (2006) (possession of a listed chemical with intent to manufacture a controlled substance is not a drug-trafficking offense under § 2L1.2).

On the other hand, it is not clear from the record that the enhancement was based on his conviction on that count. Although the PSR lists his "drug-trafficking offense" as "Possession With Intent to Manufacture Methamphetamine", it describes both of Godino's convictions and is supported by the two-count charging document that was before the district court. The two-paragraph second count to which Godino pleaded guilty includes conduct within the definition of a drug-trafficking offense. See U.S.S.G. § 2L1.2 cmt. n.1(B)(iv) ("offense under . . . state . . . law that prohibits the . . . dispensing of a controlled substance").

Godino asserts the conviction on that second count is insufficient to support the enhancement because the statutory definition of the offense encompasses activity that is not a drug-trafficking offense. See Garza-Lopez, 410 F.3d at 274-75 (holding same California statute insufficient for enhancement in the absence of charging document). Of course, for determining whether a prior

offense is a drug-trafficking offense, the court may look beyond the elements of the offense and consider, inter alia, the charging document. Id. at 273.

Assuming, arguendo, Godino did not specifically plead guilty to that second paragraph of the second count, charging the sale of at least 57 grams of methamphetamine (an obvious drug-trafficking offense), his conviction on the second count nevertheless qualifies as a drug-trafficking offense because of the offenses charged in the first paragraph of that count. In part, it charges he did "offer to sell, furnish, administer, and give away" methamphetamine, which are not drug-trafficking offenses; but, in full, it charges he "did sell, furnish, administer, give away and offer to sell, furnish, administer, and give away a controlled substance, to wit: METHAMPHETAMINE" (emphasis added). In short, that paragraph lists all offenses conjunctively.

Although Omari v. Gonzales, 419 F.3d 303, 308-09 (5th Cir. 2005), held a guilty plea to a federal indictment charging "interstate transportation of stolen, converted, and fraudulently obtained property" did not necessarily admit transportation of fraudulently obtained property, Godino was charged under California law and his guilty plea admitted each listed offense. See People v. Mendias, 21 Cal. Rptr. 2d 159, 163-64 (Cal. Ct. App. 1993) (finding defendant pleaded guilty to robbery by force and fear, as charged, although conviction was possible on force alone); see also United States v. Garcia-Medina, 497 F.3d 875, 878 (8th Cir. 2007) (holding plea of guilty to conjunctively-listed offenses under almost identical California statute qualifies as a conviction for a drug-trafficking offense).

Accordingly, for purposes of our plain-error review, there was no "clear" or "obvious" error in considering Godino's guilty-plea convictions as conduct constituting a drug-trafficking offense. Therefore, there was no reversible plain error in the district court's applying the 16-level enhancement. See United States v. Jones, 444 F.3d 430, 437-38 (5th Cir. 2006); § 2L1.2.

5

2.

In the light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Godino presents a sentencing issue conceded to be foreclosed; he raises it only to preserve it for further possible review. In short, Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), held 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. See United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (7 Jan. 2008).

III.

For the foregoing reasons, the conviction and sentence are AFFIRMED.

DENNIS, Circuit Judge, concurring in the judgment:

I concur only in the judgment affirming Godino's conviction and sentence for the following reasons.

The Supreme Court has held that "[a]t a minimum, court of appeals cannot correct an error pursuant to Rule 52(b) unless the error is clear under current law." United States v. Olano, 507 U.S. 725, 734 (1993). It is unclear under current law, to the extent that the parties and the panel in this case have been able to discover it, that federal courts can rely on a state jurisprudential rule such as that in People v. Mendias, 21 Cal. Rptr. 2d 159 (Cal. Ct. App. 1993), to avoid concluding under Taylor v. United States, 495 U.S. 575 (1990), and Shepard v. United States, 544 U.S. 13 (2005), that the record does not necessarily demonstrate that Godino was convicted of a prior drug trafficking offense. The state jurisprudential rule is in tension with the underlying principle of those decisions which demand a high degree of certainty that the defendant actually pleaded guilty to such an offense before being classified for enhancement under U.S.S.G. § 2L1.2. See Shepard, 544 U.S. at 23 (summarizing the conclusion of Taylor as "requir[ing] that evidence of generic conviction be confined to records of the convicting court approaching the certainty of the record of conviction in a generic crime State," i.e., under a statute that penalizes only conduct that is encompassed by the definition of the predicate offense).

The charging document, upon which the majority relies to affirm the imposition of a prior-drug-trafficking-offense enhancement, does not appear to supply the necessary degree of certainty (i.e., "approaching the certainty of the record of conviction in a generic crime State"), as required under Taylor and Shepherd, that Godino's predicate crime fits the requirement of federal enhancement. The second count in the charging document merely alleged elements in the conjunctive that are presented in the disjunctive in § 11379(a),

7

any of which separately could sustain a conviction under that statute. Accordingly, I do not regard Godino's charging document as providing the requisite proof to a high degree of certainty that he in fact "necessarily admitted" to all of these elements, including that he dispensed a controlled substance, thereby making him eligible for the prior-drug-trafficking-offense enhancement.[1]

Thus, arguably, a state judge-made law like *Mendias*, which appears to be a mere legal fiction, should not be used to short-circuit the categorical approach required by *Taylor* and *Shepherd*. However, because I cannot say that the current law resolves the question clearly one way or the other based on the study so far brought to bear on this problem, I concur in the judgment

---

[1] Moreover, the second paragraph of the second count does not cure this lack of certainty. This paragraph reads in pertinent part:

> (NOPR) It is further alleged that the defendant, JORGE LUIS GUDINO . . . did sell 57 grams and more of a substance containing methamphetamine, within the meaning of Section 1203.073(b)(2) of the Penal Code.

The relevant documents do not show that Godino admitted to the allegation in that paragraph, which would have served to deny him probation pursuant to Cal. Penal Code § 1203.073(b)(2), or that there was a factual finding concerning that allegation. Compare Al-Husseini v. Gonzales, 213 Fed. App'x 568, 569-70 (9th Cir. 2006) (finding that an abstract of judgment that "state[d] unequivocally" that the petitioner "ADMITTED" to a no-probation enhancement pursuant to Cal. Penal Code § 1203.073(b)(1) could support a determination that he had committed an aggravated felony).