# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3216

_____

United States of America,     *
                                          *
       Appellee,      *    Appeal from the United States
                                          *    District Court for the
   v.                  *    District of Nebraska.
                                          *
Ricardo Mejía-Barba,       *
                                          *
       Appellant.     *

_____

Submitted:  February 14, 2003

Filed: May 5, 2003

_____

Before LOKEN,[1] RILEY, and SMITH, Circuit Judges.

_____

SMITH, Circuit Judge.

Ricardo Mejía-Barba appeals his sentence for illegally re-entering the United States after being deported.[2] Specifically, Mejía-Barba argues that the district court[3]

_____

[1] The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

[2] Mejía-Barba was convicted of violating 8 U.S.C. §§ 1326(a) and (b)(2).

[3] The Honorable Laurie Smith Camp, United States District Court Judge for the District of Nebraska.

erred in finding that his prior conviction in Iowa for "identity theft" qualified as an aggravated felony, which justified an eight-level (rather than a four-level) increase to his sentence. We affirm.

## I.

### *Facts*

On April 5, 2002, the Immigration and Naturalization Service (INS) placed Mejía-Barba in custody when he attempted to renew his Employment Authorization Card at an Automated Service Center. A record check indicated that Mejía-Barba had been deported from the United States in 1999 because of a conviction for identity theft in Iowa.

In the Iowa case, Mejía-Barba was arrested after falsely representing to an Iowa Department of Transportation investigator that he was a man known as Marcos Rivera. Mejía-Barba showed the investigator Rivera's birth certificate and a newly-issued Social Security card in Rivera's name. Mejía-Barba had previously used Rivera's identification to obtain employment in Sioux City, Iowa. The State of Iowa charged Mejía-Barba with identity theft in violation of Iowa Code § 715A.8. Mejía-Barba was convicted and sentenced to a suspended term of imprisonment, and the INS deported Mejía-Barba to Mexico. However, Mejía-Barba illegally returned to the United States while on probation and was discovered when he attempted to renew his employment card. On April 17, 2002, the United States filed a one-count indictment charging Mejía-Barba with unlawfully being in the United States after being deported following his conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a) and (b)(2). Mejía-Barba pleaded guilty to the charge on June 11, 2002.

The Presentence Investigation Report (PSR) provided for a total offense level of thirteen and a criminal history category of II.[4] The PSR treated Mejía-Barba's Iowa identity theft conviction as an aggravated felony. Under United States Sentencing Guideline § 2L1.2(b)(1)(C), an aggravated felony increases the offense level by eight. On July 31, 2002, Mejía-Barba objected to the increase. He argued that U.S.S.G. § 2L1.2(b)(1)(D) should apply and only required a four-level increase. After the trial court adopted the PSR, Mejía-Barba moved for downward departure pursuant to U.S.S.G. §§ 5K2.16 and 5K2.0 and requested a hearing.

At the hearing on August 26, 2002, Mejía-Barba contended that his conviction for identity theft was not an aggravated felony. The district court denied his motion and held that Iowa's crime of identity theft fit within the parameters of the definition of a "theft offense" defined in 8 U.S.C. § 1101 (a)(43)(G) (the statute to which the Commentary to U.S.S.G. § 2L1.2(b)(1)(C) refers the sentencing court). However, the district court did grant Mejía-Barba's motion for downward departure by one level for voluntary disclosure, placing his total offense level at twelve. The district court sentenced Mejía-Barba at the low end of the guideline range to a term of twelve months' imprisonment. Mejía-Barba now requests that his sentence be vacated and the case remanded for resentencing with instructions that he receive only a four-level increase to his base offense level.

II.

*Standard of Review*

This court reviews de novo the district court's interpretation of the Sentencing Guidelines. *United States v. Martinez*, 258 F.3d 760 (8th Cir. 2001). We review the

---

[4] Mejía-Barba began at a base offense level of eight, but the probation office added an additional eight levels after it took into account his prior aggravated felony for identity theft. The probation office then reduced Mejía-Barba's offense level by three levels for acceptance of responsibility, bringing his total offense level to thirteen. The sentencing range was fifteen to twenty-one months' imprisonment.

district court's interpretation of a sentence-enhancement statute de novo. *United States v. Stuckey*, 220 F.3d 976, 984 (8th Cir. 2000)*; United States v. Williams,* 136 F.3d 547, 550 (8th Cir.1998).

## III.
### *Analysis*

This case presents the issue of whether the Iowa crime of identity theft qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43) for purposes of an eight-level sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(C). Sentencing Guidelines § 2L1.2 sets a base offense level of eight for a conviction for unlawfully entering or remaining in the United States. However, under U.S.S.G. § 2L1.1(b)(1)(C), if the defendant has been previously convicted of an aggravated felony, then the sentence can be enhanced by eight levels. In comparison, only a four-level enhancement may apply for a previous conviction of any other felony under U.S.S.G. § 2L1.1(b)(1)(D).

To determine whether the prior felony constitutes an aggravated felony, the Application Notes to U.S.S.G. § 2L1.1(b)(1)(D) refers us to 8 U.S.C. § 1101(a)(43). Most germane to our inquiry, § 1101(a)(43)(G) includes as a definition of aggravated felony, "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year." The district court determined that Mejía-Barba's Iowa conviction for identity theft qualified as an aggravated felony under this definition, thus making the crime subject to the eight-level enhancement in U.S.S.G. § 2L1.2(b)(1)(C). Based upon our de novo review, the district court made the correct determination.

Focusing upon Iowa's identity theft statute, we must determine whether it defines a "theft" that falls within the definition of an aggravated felony in 8 U.S.C. § 1101(a)(43). We have never defined the term "theft offense" in § 1101(a)(43). The parties note that the Seventh, Ninth, and Tenth Circuits have defined the term using a "modern, generic and broad" definition that "theft" is "a taking of property or an

exercise of control over property without consent with the criminal intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent." *Hernandez-Mancilla v. INS*, 246 F.3d 1002, 1009 (7th Cir. 2001)*; see also United States v. Corona-Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002); *United States v. Martinez-Garcia*, 268 F.3d 460, 465 (7th Cir. 2001); *United States v. Vasquez-Flores*, 265 F.3d 1122, 1125 (10th Cir. 2001). Both parties argue that we should adopt this definition and use the rationale of these circuits in applying the definition to this case.

We, however, need not adopt this definition in this case because Iowa's identity theft statute sufficiently describes the type of theft offense defined in § 1101(a)(43)(G). We hold that Iowa's statutory scheme describing theft offenses in general, and identity theft specifically, reflects that identity theft is an aggravated felony "theft" crime under the federal statute.[5] First, Iowa's general definition of theft

[5] Iowa's identity theft statute at § 715A.8 provides:

1. For purposes of this section, "identification information" means the name, address, date of birth, telephone number, driver's license number, nonoperator's identification number, social security number, place of employment, employee identification number, parent's legal surname prior to marriage, demand deposit account number, savings or checking account number, or credit card number of a person.

2. A person commits the offense of identity theft if the person with the intent to obtain a benefit fraudulently obtains identification information of another person and uses or attempts to use that information to obtain credit, property, or services without the authorization of that other person.

3. If the value of the credit, property, or services exceeds one thousand dollars, the person commits a class "D" felony. If the value of the credit, property, or services does not exceed one thousand dollars, the person commits an aggravated misdemeanor.

under Iowa Statute § 714.1 makes it a crime not only to take the property of another, but also to use that property without the owner's permission. For example, in § 714.1(2), theft involves misappropriation of property "by using . . . it in a manner which is inconsistent with or a denial . . . of the owner's rights in such property . . . or appropriates such property to the person's own use . . . ." Section 714.1(3) defines theft as obtaining "the beneficial use of property of another, by deception." Finally, § 714.1(10) states that theft is "[a]ny act that is declared to be theft by any provision of the Code."

Second, Iowa's identity theft statute includes many of these same considerations, including provisions that criminalize the taking and use of another's identification information to obtain a benefit. Considering these two statutes together, it is apparent that the Iowa legislature intended that identity theft, by its name and by its description, be a more specific type of theft crime. Applying these definitions to Mejía-Barba's acts, his action of taking Rivera's identity potentially subjected Rivera to numerous financial, legal, and reputation-damaging problems, much akin to Mejía-Barba taking other types of property. Mejía-Barba then misappropriated that property for his own beneficial use, earning income subject to taxes under Rivera's name and representing through his deeds and actions that he was Rivera, all without Rivera's permission. Mejía-Barba contends that his actions could have constituted a fraud, but not a theft. However, under the Iowa statutory scheme, his actions, though fraudulent, are also a theft. We affirm the district court's determination that Mejía-Barba's prior conviction for identity theft qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43), thus supporting the eight-level increase to Mejía-Barba's sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

---

4. A violation of this section is an unlawful practice under section 714.16.

A true copy.

Attest:

   CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.