# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3528

_____

United States of America,      *
     *
     Plaintiff-Appellee,      *
     *   Appeal from the United States
     v.      *   District Court for the Northern
     *   District of Iowa.
Ramon Garcia-Medina, also known      *
as Gerardo Deleon Corona, also      *
known as Presiado Raul Campos,      *
also known as Raymond Garcia      *
Medina,      *
     *
     Defendant-Appellant.      *

_____

Submitted: April 12, 2007
Filed: August 15, 2007

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Ramon Garcia-Medina, a citizen of Mexico, pled guilty to illegal reentry after deportation. See 8 U.S.C. § 1326(a), (b). At sentencing, due to a prior felony conviction, the district court[1] enhanced his offense level under Sentencing Guidelines

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

section 2L1.2, see United States Sentencing Commission, Guidelines Manual § 2L1.2(b)(1)(A)(i) (Nov. 2005), and sentenced Garcia-Medina to 63 months imprisonment and three years of supervised release. On appeal, Garcia-Medina contends that the district court's sentence enhancement was improper under the Guidelines because the record failed to establish a prior drug-trafficking offense. We affirm the sentence.

I.

Garcia-Medina, a 28-year-old Mexican national, illegally entered the United States in 1997. In February 2000, Garcia-Medina pled guilty to two felonies in violation of California Health and Safety Code section 11352(a), a statute entitled, "Unlawful transport, import, sale, administration, or gift of controlled substance," and was deported. Garcia-Medina reentered the United States illegally and was detained in 2006 by immigration authorities in the Northern District of Iowa subsequent to his arrest on forgery and identity theft charges.

Garcia-Medina was indicted on March 21, 2006, for illegal reentry after deportation, a violation of 8 U.S.C. § 1326(a), (b), and pled guilty to the charge without a plea agreement. In the presentence report (PSR), the probation office recommended a base offense level of eight pursuant to Sentencing Guidelines section 2L1.2(a) and a 16-level enhancement for a previous conviction of a "drug trafficking offense for which the sentence imposed exceeded 13 months" pursuant to section 2L1.2(b)(1)(A)(i). Garcia-Medina objected to the PSR's characterization of his California conviction as a "drug trafficking offense."

At sentencing, the government offered the complaint and trial information for the California conviction, listing two counts and two special allegations, and the disposition of arrest, abstract of judgment, and minute order, indicating that Garcia-Medina pled guilty to both counts. Over Garcia-Medina's renewed objection, the

district court ruled that the California conviction qualified as a "drug trafficking offense" for Guidelines purposes. Garcia-Medina appeals.

## II.

We review *de novo* a district court's decision that a prior conviction is a qualifying offense for a sentencing enhancement pursuant to U.S.S.G. § 2L1.2. United States v. Mejia-Barba, 327 F.3d 678, 680-81 (8th Cir. 2003); see United States v. Vasquez-Garcia, 449 F.3d 870, 872 (8th Cir. 2006) (reviewing the district court's factual findings for clear error and its interpretation and application of the sentencing guidelines *de novo*). The government concedes that it bears the burden of proving that Garcia-Medina's prior conviction qualifies as a "drug trafficking offense" for purposes of enhancement of Garcia-Medina's sentence under Sentencing Guidelines section 2L1.2(b)(1)(A)(i). See United States v. Khang, 904 F.2d 1219, 1222 (8th Cir. 1990) ("[T]he burden of proof falls on the party asserting the sentencing adjustment."). For the purposes of this dispute, the guidelines define "drug trafficking" as "an offense under . . . state . . . law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." See USSG § 2L1.2, cmt. n.1(B)(iv).

The California statute in question states:

> [E]very person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport . . . [a] controlled substance . . . shall be punished by imprisonment in the state prison for three, four, or five years.

See Cal. Health & Safety Code § 11352(a).

-3-

The Fifth Circuit has found the California statute to be overinclusive for purposes of section 2L1.2's drug trafficking enhancement because it includes acts that do not meet section 2L1.2's definition of drug trafficking. United States v. Gutierrez-Ramirez, 405 F.3d 352, 359 (5th Cir. 2005); see also United States v. Navidad-Marcos, 367 F.3d 903, 906, 908 (9th Cir. 2004) (stating that a statute with wording identical to section 11352(a) includes acts that fall outside the Guideline's "drug trafficking" definition); United States v. Rivera-Sanchez, 247 F.3d 905, 908-09 (9th Cir. 2001) (en banc) (describing "an almost identical California statute" to section 11352(a) as "an extremely broad statute," and explaining that "[a] conviction under the section can be supported by a charge of simple transportation of marijuana for personal use"). But see United States v. Alvarez-Granados, No. 06-4362, 2007 U.S. App. LEXIS 12493 at *8 (4th Cir. May 30, 2007) (unpublished per curiam) ("The current § 2L1.2 definition does not require that the defendant have been convicted of a drug trafficking offense, only that he have been convicted of some offense under a statute that prohibits drug trafficking."); United States v. Millan-Torres, No. 04-2208, 139 Fed. Appx. 105, 110-111 (10th Cir. 2005) (unpublished) ("Comparing these two provisions, each of the acts prohibited in the California statute fall within the Guideline definition of a 'drug trafficking offense.'")

Because the California statute criminalizes both conduct that would qualify a defendant for an enhancement as well as conduct that would not do so, we agree with the Fifth Circuit that the statute is overinclusive. See Gutierrez-Ramirez, 405 F.3d at 359; see also Navidad-Marcos, 367 F.3d at 908. When a statute is overinclusive, it is appropriate for the district court to consider

> "[T]erms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or . . . some comparable judicial record of this information," in order to determine whether the plea "necessarily rested" on facts equating to the qualifying offense.

Vasquez-Garcia, 449 F.3d at 872 (quoting Shepard v. United States, 544 U.S. 13, 21, 26 (2005)).

At Garcia-Medina's sentencing, the government offered the complaint and trial information for the California conviction, listing two counts and two special allegations, and the disposition of arrest, abstract of judgment, and minute order, indicating that Garcia-Medina pled guilty to both counts. Garcia-Medina admitted to having pled guilty to the two counts but denies having pled guilty to the special allegations. He contends that the government's evidence is silent as to whether the plea encompassed the special allegations.

Counts one and two of the California charging document track the language of the statute, except they list the offenses in the conjunctive. See Cal. Health & Safety Code § 11352(a); In re Bushman, 1 Cal. 3d 767, 775 (Cal. 1970), disapproved on other grounds by People v. Lent, 15 Cal. 3d 481, 486, fn. 1 (Cal. 1975) ("When a statute . . . lists several acts in the disjunctive, any one of which constitutes an offense, the complaint, in alleging more than one of such acts, should do so in the conjunctive to avoid uncertainty."). Counts one and two state,

> A Violation of section 11352(A) of the Health And Safety Code of the State of California, a felony committed on or about December [20 and 28], 1999 in that at said time and place the above named defendant(s) did unlawfully transport, import into the State of California, sell, furnish, administer, and give away, and offer to transport, import into the State of California, sell, furnish, administer, and give away, and attempt to import into the State of California and transport a controlled substance, to wit, HEROIN. . . .

The special allegations state, "It is further alleged that in the commission of the above offense the defendant(s), RAMON GARCIA MEDINA, sold and offered to sell 14.25 grams and more of a substance containing heroin . . . ."

Garcia-Medina's plea to counts one and two of the information is sufficient to satisfy the "drug trafficking" definition of section 2L1.2 of the Sentencing Guidelines, even without the special allegations. In California, a guilty plea admits every element of the offense charged, People v. Chadd, 28 Cal. 3d 739, 748 (Cal. 1981), including all accusations and factors comprising the charge contained in the pleading. People v. Palacios, 56 Cal. App. 4th 252, 257 (Cal. Ct. App. 1997); see People v. Tuggle, 232 Cal. App. 3d 147, 154 (Cal. Ct. App. 1991) ("By pleading guilty as charged [to an information worded in the conjunctive, charging, "robbery by means of force *and* fear"], appellant necessarily admitted the force allegation and cannot now escape the consequences of that admission.") (emphasis added). Thus, "a plea of guilty means guilty 'as charged' in the information, and by it 'all averments of fact are admitted. . . . The effect is the same as if the defendant had been tried before a jury and had been found guilty upon evidence covering all material facts.'" Arenstein v. Cal. State Bd. of Pharmacy, 265 Cal. App. 2d 179, 190 (Cal. Ct. App. 1968) disapproved on other grounds by Barber v. Long Beach Civil Serv. Comm'n, 45 Cal. App. 4th 652, 658 (Cal. Ct. App. 1996) (citations omitted).

Accordingly, by pleading guilty to counts one and two as worded, in the conjunctive, Garcia-Medina admitted to several offenses committed on at least two occasions. It is uncontested that most of these offenses qualify as drug trafficking for the purposes of section 2L1.2. Garcia-Medina did not clarify his plea before the California trial court; instead, he admitted every offense listed in the charging document and cannot now escape the consequences of his admission. See People v. Guerrero, 44 Cal. 3d 343, 355-356 (Cal. 1988).

In sum, because the disposition of arrest, abstract of judgment, and the minute order show that Garcia-Medina pled guilty to both counts of the information, a fact to which he admitted at sentencing and admits now on appeal, the government's production of the charging document is sufficient to show, for purposes of the sentencing enhancement, that Garcia-Medina pled guilty to a "drug trafficking"

offense.  We may not, on appeal, look beyond this record.  <u>Cf.</u> <u>United States v. Levering</u>, 431 F.3d 289, 294 (8th Cir. 2005) ("Generally, defendants may not collaterally attack prior convictions used for sentencing enhancements.") (<u>quoting</u> <u>Moore v. United States</u>, 178 F.3d 994, 997 (8th Cir. 1999)).

III.

Accordingly, we affirm the sentence.

_____