# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 10-2266

_____

United States of America,             *
                                   *

        Plaintiff - Appellee,     *
                                   *   On Appeal from the United

     v.                      *   States District Court for the
                                   *   District of Nebraska.

Alberto Sanchez-Garcia,      *
                                   *

        Defendant - Appellant.   *

_____

Submitted:  February 15, 2011
Filed:  June 22, 2011

_____

Before SMITH, GRUENDER, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

On December 22, 2009, Omaha police stopped Alberto Sanchez-Garcia for driving with no license plates.  As he left the vehicle, a 9mm Beretta fell from his waistband.  Sanchez-Garcia, a citizen of Mexico, pled guilty to illegal reentry after deportation, and possession of a firearm by an illegal alien.  *See* **8 U.S.C. § 1326(a)**; **18 U.S.C. §§ 922(g)(5), 924(a)(2)**.

For Count I, the presentence investigation report (PSR) set the base offense level at 8.  *See* **U.S.S.G. § 2L1.2(a)**.  The PSR added a 16-level enhancement, because Sanchez-Garcia had been deported "after a conviction for a felony that is a drug

trafficking offense for which the sentence imposed exceeded 13 months." See **U.S.S.G. § 2L1.2(b)(1)(A)(i)**. For Count II, the PSR raised the base offense level to 20 because the crime occurred after "one felony conviction of . . . a controlled substance offense." **U.S.S.G. § 2K2.1(a)(4)(A)**.

Sanchez-Garcia objected to the PSR, arguing that he did not have a conviction for a "drug trafficking" or a "controlled substance" offense. The district court[1] denied the objections to the PSR. Sanchez-Garcia was sentenced to 70 months imprisonment – the bottom of the guideline range. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

The government introduced a copy of a 2001 criminal complaint charging that "Alberto Sanchez" aka "Alfonso Sanchez" aka "Alberto Garcia Sanchez" did possess methamphetamine for purpose of sale. Sanchez-Garcia argues that because his exact name is not on the charging document, there was insufficient proof that he was convicted. To the contrary, Sanchez-Garcia conceded his 2001 conviction. In his Objections to the Presentence Report, Sanchez-Garcia admitted "his 2001 conviction" while adding he was only 24 years old then and could not foresee the future impact of the conviction. *See **National Sur. Corp. v. Ranger Ins. Co.***, 260 F.3d 881, 886 (8th Cir. 2001) (judicial efficiency demands that a party not be allowed to deny what it has formally told the court). The district court properly ruled, by a preponderance of the evidence, that it was Sanchez-Garcia who was charged in California in 2001.

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

II.

Sanchez-Garcia contends that the government failed to prove that he was convicted of an offense involving a controlled substance. This court reviews *de novo* a district court's finding that a prior conviction enhances a defendant's guideline range. *See United States v. Garcia-Medina*, 497 F.3d 875, 876 (8th Cir. 2007).

This court uses the categorical approach to determine whether a sentencing enhancement is triggered: "[T]he sentencing court looks to the fact of conviction and the statutory definition of the prior offense and determines whether the full range of conduct encompassed by the state statute qualifies to enhance the sentence." *United States v. Sonnenberg*, 556 F.3d 667, 670 (8th Cir. 2009), *citing Taylor v. United States*, 495 U.S. 575, 600 (1990).

The California statute Sanchez-Garcia pled guilty to states: "[E]very person who possesses for sale any controlled substance . . . shall be punished by imprisonment in state prison." *See* **Cal. Health & Safety Code § 11378**. The first issue is whether the California offense is a controlled substance offense for purposes of the sentencing guidelines.

The guidelines define "drug trafficking offense" as "an offense under . . . state . . . law that prohibits the . . . possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." *See* **U.S.S.G. § 2L1.2, cmt. 1(B)(iv)**. The guidelines define "controlled substance offense" as "an offense under . . . state law, punishable by imprisonment for a term exceeding one year, that prohibits . . . the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." **U.S.S.G. § 4B1.2(b)**, *incorporated by* **U.S.S.G. § 2K2.1, cmt. 1**.

The California statute and both sentencing guidelines use the term "controlled substance." The sentencing guidelines do not define this term, but Sanchez-Garcia frames his argument in terms of the definition of controlled substance in the federal Controlled Substances Act (CSA). *See United States v. Leiva-Deras*, 359 F.3d 183, 189 (2d Cir. 2004) (using the CSA to determine whether a prior conviction meets the criteria for a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i)); *United States v. Kelly*, 991 F.2d 1308, 1316 (7th Cir. 1993) (using the CSA to determine if marijuana is a "controlled substance" under U.S.S.G. § 2K2.1(a)). California law defines "controlled substance" differently than the federal CSA. *See Ruiz-Vidal v. Gonzalkes*, 473 F.3d 1072, 1078 (9th Cir. 2007) (California law regulates the possession and sale of numerous substances that are not similarly regulated by the CSA). A California defendant may be convicted of possession for sale of a controlled substance without committing a "controlled substance offense" or "drug trafficking offense" under the federal guidelines.

Because the California statute criminalizes conduct that triggers an enhancement as well as conduct that does not, the statute is overinclusive. *See Garcia-Medina*, 497 F.3d at 877. The modified categorical approach applies:

> If the statute criminalizes both conduct that would qualify a defendant for an enhancement, as well as conduct that would not do so, the court may refer to the charging document, the terms of a plea agreement, the transcript of the colloquy, jury instructions, and other comparable judicial records to determine the basis for the guilty plea or verdict.

*Sonnenberg*, 556 F.3d at 670, *citing Shepard v. United States*, 544 U.S. 13, 26 (2005). This requires a more detailed inquiry than simply determining whether a prior conviction exists. *Id.* at 25.

Sanchez-Garcia asserts that the evidence offered by the government "bear[s] no resemblance to the records . . . that *Shepard* requires." To the contrary, the charging

-4-

document sufficiently identifies the offense as "possess for purpose of sale a controlled substance, to wit, methamphetamine." Meth is a drug listed in the federal schedules. *See* **21 U.S.C.A. § 812, sched. II(c)**; **21 C.F.R. § 1308.12(d)(2)**. The charging document alone, however, does not prove Sanchez-Garcia's conviction because a charge "is simply an accusation. It is not evidence of anything." ***United States v. Gammage***, 580 F.3d 777, 779 (8th Cir. 2009); *see also* ***United States v. Vasquez-Garcia***, 449 F.3d 870, 873 (8th Cir. 2006) (a charging document may sufficiently narrow an overinclusive statute when the fact of conviction is not contested).

The government introduced additional documents – an order of court, clerk minutes, and violation minutes. Sanchez-Garcia argues these are clerical records, not judicial records, and therefore cannot supplement the charging document to prove a conviction under *Shepard*. There is no exhaustive list of records that prove a conviction. *See* ***Garcia-Medina,*** 497 F.3d at 877, *citing* ***Shepard***, 544 U.S. at 26 (authorizing " some comparable judicial record"). The ultimate issue is whether the government proved by a preponderance of the evidence that Sanchez-Garcia was convicted of an offense involving a controlled substance under U.S.S.G. §§ 2L1.2(b)(1)(A)(i) and 2K2.1(a)(4)(A). *See* ***United States v. Forrest***, 611 F.3d 908, 913 (8th Cir. 2010), *citing* ***Shepard***, 544 U.S. at 26. The evidence included documents signed by Sanchez-Garcia that say he pled guilty and include the same case number and statute as the charging document. Also admitted was an order of court signed both by Sanchez-Garcia and a judge establishing his conviction. This court thus need not decide whether clerk minutes or violation minutes, alone, satisfy the burden of production. *See* ***Forrest***, 611 F.3d at 913 (complaint, minute order, and judgment are sufficient evidence of conviction); *cf.* ***United States v. Snellenberger***, 548 F.3d 699, 702 (9th Cir. 2008) (holding that California clerk minutes are "easily . . . within the category of documents described."). The district court properly enhanced the offense levels based on Sanchez-Garcia's prior conviction.

III.

Sanchez-Garcia argues that the sentence is greater than necessary to promote the goals of 18 U.S.C. § 3553(a) and is therefore unreasonable.

This court affirms the sentence if the district court "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). "A district court is not required to make specific findings; all that is generally required to satisfy the appellate court is evidence that the district court was aware of the relevant factors." *United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008). The district court here heard arguments regarding Sanchez-Garcia's history and personal characteristics, acknowledged the 3553(a) factors, and gave "particular weight to the goal of deterrence, both general deterrence and specific deterrence." The sentence was within the advisory guidelines, and is presumptively reasonable on appeal. *See United States v. Frausto*, 636 F.3d 992, 997 (8th Cir. 2011); *see also United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). The district court did not abuse its discretion in sentencing Sanchez-Garcia.

\* \* \* \* \* \* \*

The judgment of the district court is affirmed.

_____