[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 26, 2011
JOHN LEY
CLERK

No. 10-15835
Non-Argument Calendar
_____

D.C. Docket No. 9:10-cr-80084-WPD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO DOMINGUEZ GUTIERREZ,
a.k.a. Nicholas Montoya,
a.k.a. Nicholas Nolasco,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 26, 2011)

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Ricardo Gutierrez appeals his 57-month sentence, imposed after he pled

guilty to one count of reentry of a deported alien, in violation of 8 U.S.C.

§§ 1326(a) and (b)(2).  After review, we affirm.

On appeal, Gutierrez challenges the district court's imposition of a sixteen-

level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i).  Section 2L1.2

increases a defendant's offense level by sixteen levels if the defendant was

deported following a felony conviction for "a drug trafficking offense."  U.S.S.G.

§ 2L1.2(b)(1)(A)(i).  The district court concluded that Gutierrez's 1997 conviction

under California Health and Safety Code § 11352(a) was a "drug trafficking

offense."

Generally, courts use a "'categorical' approach" to determine whether a

prior conviction is a qualifying offense for purposes of a sentencing enhancement.

United States v. Aguilar-Ortiz, 450 F.3d 1271, 1273 (11th Cir. 2006).  Under this

approach, the court looks to the fact of conviction and the statutory elements of the

offense.  United States v. Palomino Garcia, 606 F.3d 1317, 1328 (11th Cir. 2010).

However, when the state statute covers conduct broader than the offense described

in the guidelines such that the conviction may or may not qualify for the

enhancement and the judgment is ambiguous, the court uses a "'modified

categorical approach.'"  Id. at 1336.  This approach allows the court to look at

certain judicial documents, approved in Shepard v. United States, 544 U.S. 13, 125

S. Ct. 1254 (2005), such as the plea transcript and the charging documents, to ascertain whether the prior conviction qualifies the defendant for the enhancement. United States v. Pantle, 637 F.3d 1172, 1175 (11th Cir. 2011).

As to Gutierrez's 1997 conviction, the California statute makes it a crime if a person "transports, imports into this state, sells, furnishes, administers, or gives away," certain controlled substances, or "offers to" or "attempts to" do so. Cal. Health & Safety Code § 11352(a). The Information for Gutierrez's 1997 conviction, to which Gutierrez pled no contest, alleges in four separate counts that Gutierrez committed the crime of "SALE OR TRANSPORTATION OF A CONTROLLED SUBSTANCE" when he "did willfully and unlawfully transport, import into the State of California, sell, furnish, administer, and give away, and offer to transport, import into the State of California, sell, furnish, administer, and give away and attempt to import into the State of California and transport a controlled substance, to wit, COCAINE." (Emphasis added.)[1] In other words, Gutierrez's Information used the conjunctive "and" in listing the acts constituting the offense charged.

Gutierrez argues that under either the categorical approach or the modified

---

[1] Gutierrez's Information and the transcript of his plea hearing were not part of the record in the district court. This Court granted the government's unopposed motion to supplement the record and to take judicial notice of these two documents related to Gutierrez's 1997 conviction.

categorical approach, the district court could not have categorized his 1997 conviction as a "drug trafficking offense" because the California statute includes crimes, such as transporting drugs, that do not fall within § 2L1.2's definition of drug trafficking offenses. Because Gutierrez raises this issue for the first time on appeal, we review only for plain error. See United States v. Beckles, 565 F.3d 832, 842 (11th Cir.), cert. denied, 130 S. Ct. 272 (2009). "A plain error is an error that is obvious and is clear under current law." United States v. Humphrey, 164 F.3d 585, 588 (11th Cir. 1999) (quotation marks omitted). "Without precedent directly resolving [the] claim, . . . the district court's alleged error is not 'obvious' or 'clear under current law.'" Id. (finding no plain error where neither this Circuit nor the Supreme Court had decided the issue and there was a circuit split).

Here, Gutierrez cannot show plain error for several reasons. First, neither this Court nor the Supreme Court has addressed whether the "transportation" of drugs under the California statute constitutes a "drug trafficking offense" for purposes of § 2L1.2(b)(1)(A)'s sixteen-level enhancement.[2] Other circuits have concluded that it does not and thus have resorted to the modified categorical

---

[2]The commentary defines a "drug trafficking offense" as an offense "that prohibits the manufacture, import, export, distribution, or dispensing of, . . a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2, cmt. n. 1(B)(iv) (quotation marks omitted).

approach to determine whether the defendant's conviction qualifies.  See United States v. Castellanos-Barba, No. 10-1238, ___ F.3d ___, 2011 WL 3184203 at *2 (10th Cir. July 27, 2011); United States v. Medina-Almaguer, 559 F.3d 420, 422 (6th Cir. 2009); United States v. Garcia-Medina, 497 F.3d 875, 877 (8th Cir. 2007); United States v. Gutierrez-Ramirez, 405 F.3d 352, 359 (5th Cir. 2005).

Second, even if we assume arguendo that transporting drugs under the California statute is not a "drug trafficking offense" and look to Shepard-approved materials under the modified categorical approach, Gutierrez pled no contest to an Information that charged him with importing, selling, furnishing, administering and giving away cocaine in addition to transporting it.  Even Gutierrez agrees that some of these offenses charged in his Information fall within § 2L1.2's definition of a "drug trafficking offense."

Instead, Gutierrez argues that, regardless of the wording of his Information, he pled guilty to violating the California statute in the disjunctive.  Gutierrez points to the transcript of his plea hearing, in which the state court referred to the charged offenses as the "sale or transportation of a controlled substance," i.e., using the disjunctive "or," when it asked Gutierrez how he pled to each count in

the Information.[3]  Gutierrez contends that the plea transcript "actually demonstrates quite clearly that [he] entered a plea of no contest to charges of sale OR transportation of a controlled substance."

The transcript does not show that Gutierrez entered a disjunctive plea. Gutierrez pled no contest to violating § 11352 as it was alleged in each count of his Information.  The fact that the state court also referred to the crime by its common, shorthand name—the sale or transportation of a controlled substance— did not make his plea a disjunctive plea.  The transcript and record as a whole indicates Gutierrez entered a conjunctive plea.

Finally, neither this Court nor the Supreme Court has addressed whether and

---

[3]According to the plea hearing transcript, the exchange proceeded as follows:
    The Court:    Mr. Gutierrez, how do you plead to the following allegations: violation of Health & Safety Code Section 11352, the crime of Sale or Transportation of a Controlled Substance, Count I of the Information?
    The Defendant:    I don't understand.
    (Discussion held off the record.)
    The Defendant:    No Contest.
    The Court:    Mr. Gutierrez, how do you plead to Count II of the Information, another charge of a violation of 11352 of the Health & Safety Code, Sale or Transportation of a Controlled Substance?
    The Defendant:    Also No Contest.
    The Court:    Count III and Count IV are similar charges; that is, they also allege violations of Health & Safety Code Section 11352.  How do you plead to Count III?
    The Defendant:    No Contest.
    The Court:    How do you plead to Count IV?
    The Defendant:    The same.

6

when a defendant's guilty plea to a charge stated in the conjunctive (like Gutierrez's) admits all the elements in the charge. Other circuits that have addressed the issue are split. See United States v. Torres-Romero, 537 F.3d 1155, 1158-59 (10th Cir. 2008) (concluding that for purposes of § 2L1.2(b)(1)(A)'s sixteen-level enhancement, defendant admitted to all the acts charged in the indictment, which included selling, distributing and possessing a controlled substance in violation of a Colorado statute); Garcia-Medina, 497 F.3d at 877-78 (concluding that charging document that tracked the language of California's § 11352(a), but listed the offenses in the conjunctive, was "sufficient to satisfy the 'drug trafficking' definition of section 2L1.2"); but see Young v. Holder, 634 F.3d 1014, 1020-22 (9th Cir. 2011) (concluding, in the immigration context, that alien's prior guilty plea to an information charging him in the conjunctive with violating California's § 11352(a) did not constitute an admission to committing every act listed in the statute).

Given that there is no precedent in this Circuit or the Supreme Court directly resolving the issue, the alleged error, if there was one at all, was not clear or obvious under current law. Thus, the district court did not plainly err in concluding that Gutierrez's prior § 11352(a) conviction was a drug trafficking offense and applying § 2L1.2(b)(1)(A)'s sixteen-level enhancement.

Gutierrez also argues that the imposition of § 2L1.2(b)(1)(A)'s sixteen-level enhancement violated his Fifth and Sixth Amendment rights. Gutierrez's argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 118 S. Ct. 1219 (1998). We are bound by Almendarez-Torres until it is explicitly overruled by the Supreme Court. United States v. Greer, 440 F.3d 1267, 1273-74 (11th Cir. 2006).

**AFFIRMED.**