# United States Court of Appeals
## For the First Circuit

No. 11-2500

JOSEPH ALEXANDER JAMES,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Boudin, Selya and Dyk,[*]

Circuit Judges.

Glenn T. Terk for petitioner.
Anthony C. Payne, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, Department of Justice, with whom Stuart Delery, Acting Assistant Attorney General, Civil Division, and David V. Bernal, Assistant Director, were on brief for respondent.

October 19, 2012

---

[*]Of the Federal Circuit, sitting by designation.

**BOUDIN**, <u>Circuit Judge</u>.  Joseph Alexander James, a native and citizen of Jamaica, was admitted to the United States on a visitor visa in January 1976; his status was adjusted to that of lawful permanent resident in July of the following year.  In June 1997, he was arrested in West Hartford, Connecticut, and charged under state statutes related to the possession and sale of drugs.  James moved to suppress evidence against him, and the proceedings ultimately reached the Connecticut Supreme Court.  <u>State</u> v. <u>James</u>, 802 A.2d 820 (Conn. 2002).

On October 29, 2003, by agreement with the state, James entered a conditional plea of <u>nolo contendere</u> to two counts:  one charged a violation of Conn. Gen. Stat. Ann. § 21a-277(b) (West 2003), a broad drug offenses statute covering <u>inter alia</u> the manufacture, distribution, possession with intent to sell, and sale of specified controlled substances including marijuana; the other charged criminal attempt to possess with intent to sell, <u>id.</u> § 53a-49 (defining conditions for attempt charges).

Pursuant to his plea, James was sentenced to 42 months in jail.  Thereafter, he pursued on appeal a <u>Miranda</u> waiver issue which his plea agreement had reserved.  The appeal failed, <u>State</u> v. <u>James</u>, 887 A.2d 923, 929 (Conn. App. Ct. 2006), and in November 2010, the Department of Homeland Security began removal proceedings against James, charging that he had been convicted of illicit trafficking in a controlled substance, which is an aggravated

-2-

felony under the Immigration and Nationality Act ("INA"), and that he had been convicted of violating a state law relating to a controlled substance.[1]

On January 28, 2011, James, represented by counsel, filed a responsive pleading seeking to terminate the removal proceedings or, in the alternative, to cancel removal pursuant to INA § 240A(a), 8 U.S.C. § 1229b(a). Section 240A(a) allows the Attorney General to cancel removal in the case of a non-citizen who (1) has been lawfully admitted as a permanent resident for at least five years, (2) has resided in the United States continuously for seven years after admission, and (3) has never been convicted of an aggravated felony. INA § 240A(a), 8 U.S.C. § 1229b(a).

Regardless of the ground for removal, a non-citizen seeking discretionary cancellation must submit an application (on a form known as Form EOIR-42), see 8 C.F.R. § 1240.20 (2012), and "[i]f an application . . . is not filed within the time set by the Immigration Judge, the opportunity to file that application . . . shall be deemed waived." 8 C.F.R. § 1003.31(c).

---

[1]See INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B) (2006) ("aggravated felony" defined to include "illicit trafficking in a controlled substance"); INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) (aggravated felony as ground for removal); INA § 237(a)(2)(B)(I); 8 U.S.C. § 1227(a)(2)(B)(I) (conviction for violation of "any law or regulation of a State . . . relating to a controlled substance," except for "a single offense involving possession for one's own use of 30 grams or less of marijuana," as ground for removal); see also INA § 239(a)(3), 8 U.S.C. § 1229b(a)(3) (alien "convicted of any aggravated felony" not eligible for cancellation of removal).

James never submitted a Form EOIR-42, and does not contest the government's assertion that he has let the deadline pass.

On March 22, 2011, in advance of the individual calendar hearing, the immigration judge issued a written decision denying James' motion to terminate and indicating that James was removable both on the ground that he had been convicted of illicit trafficking--an aggravated felony--and also of an offense under a state law relating to a controlled substance. The IJ reaffirmed this decision at the April 6 individual calendar hearing, where he ordered James to be removed to Jamaica.

James sought review from the Board of Immigration Appeals ("BIA"); his brief to that body again made no mention of any application for cancellation. On August 15, 2011, the BIA issued a two-page written decision in which it affirmed the immigration judge's findings of removability on both grounds and dismissed James' appeal. James then sought review, albeit in the wrong circuit, and after transfer to this court the challenge to the BIA's order is now before us.

A conviction for "illicit trafficking in a controlled substance" is an aggravated felony warranting removal and precluding cancellation. See note 1, above. The Connecticut drug statute under which James was convicted, section 21a-277(b), states, in relevant part, that:

> Any person who manufactures, distributes, sells, prescribes, dispenses, compounds,

transports with intent to sell or dispense,
possesses with intent to sell or dispense,
offers, gives or administers to another person
any controlled substance, except a narcotic
substance, or a hallucinogenic substance other
than marijuana, except as authorized in this
chapter, may, for the first offense, be fined
not more than twenty-five thousand dollars or
be imprisoned not more than seven years or be
both fined and imprisoned . . . .

Conn. Gen. Stat. Ann. § 21a-277(b).

Any controlled substance within the meaning of INA §
101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B), is also automatically a
controlled substance under the Connecticut statute.  Conn. Gen.
Stat. Ann. § 21a-243(g); cf. 18 U.S.C. § 924(c)(2); 21 U.S.C. §
812.  Although the state can choose to make other drugs subject to
its statute, see Conn. Gen. Stat. Ann. § 21a-243(c), James does not
argue that it has in fact done so, cf. Gonzales v. Duenas-Alvarez,
549 U.S. 183, 193 (2007), nor have we found any evidence that it
has done so.

The more difficult issue is whether James' conviction
under section 21a-277(b) was for an offense that would also
comprise "trafficking"--which is true of some but not necessarily
all of the subordinate offenses listed in the Connecticut statute.
The INA (through a series of cross-references) defines "illicit
trafficking" to include the manufacture, distribution and
dispensing of a controlled substance, as well as possession with
intent to do any of these; INA § 101(a)(43)(B), 8 U.S.C. §
1101(a)(43)(B), cf. 18 U.S.C. § 924(c)(2); 21 U.S.C. § 841(a); but

-5-

this definition does not appear to encompass offers and gifts, which are criminalized under the Connecticut statute.[2]

Accordingly, the IJ in James' case found that a conviction under section 21a-277(b) is not categorically an aggravated felony in the sense that each and every conviction under the state statute would also comprise drug trafficking as defined by federal law. The one other circuit to consider the question has reached the same conclusion, see Santos v. Att'y Gen. of the United States, 352 Fed. App'x 742, 744 (3d Cir. 2009).

Thus, under the Taylor-Shepard precedents, the IJ could only find that James had been convicted of an aggravated felony if the government demonstrated that James' nolo plea was to one of the subordinate offenses under section 21a-277(b) that constitutes "trafficking." Taylor v. United States, 495 U.S. 575, 600-02 (1990); Shepard v. United States, 544 U.S. 13, 19-21 (2005). And the government's burden must be carried by clear and convincing evidence, see INA § 240(c)(3)(A), 8 U.S.C. § 1229a(c)(3)(A); Conteh v. Gonzales, 461 F.3d 45, 52 (1st Cir. 2006), cert. denied, 551 U.S. 1148 (2007).

---

[2]See United States v. Savage, 542 F.3d 959, 965 (2d Cir. 2008) (Conn. Gen. Stat. § 21a-277(b) "plainly criminalizes, inter alia, a mere offer to sell a controlled substance," which might be made absent possession); Mendieta-Robles v. Gonzales, 226 Fed. App'x 564, 568-69 (6th Cir. 2007) (conviction under state statute that criminalizes "gift" of drugs is not necessarily an illicit trafficking offense under INA); see also Matter of Davis, 20 I. & N. Dec. 536, 541 (B.I.A. 1992) ("business or merchant nature" is "[e]ssential" to the term "trafficking" under INA).

Our cases apply the Taylor-Shepard framework in the immigration context, see Campbell v. Holder, No. 11-2398, __ F.3d __ (1st Cir. Oct. __, 2012); see also Carachuri-Rosendo v. Holder, 130 S. Ct. 2577, 2586 (2010). Within that framework, the question is not whether the individual engaged in illicit drug trafficking but whether the conviction was for such an offense; and if there is uncertainty about what was the offense of conviction, the sources on which the IJ or court may rely are limited to the "records of the convicting court." Conteh, 461 F.3d at 53 (quoting Shepard, 544 U.S. at 23).

One such record is the charging document, Shepard, 544 U.S. at 16; Conteh, 461 F.3d at 53. Here, the government points to the information, dated October 28, 2003, completed by a deputy assistant state's attorney who identified the original two charges. One is the criminal attempt charge which was dismissed as part of the plea bargain. The other, "Possession with Intent to Sell a Controlled Substance (Marijuana) . . . IN VIOLATION OF GENERAL STATUTE NO. 21a-277(b)," matches almost to the word section 21a-277(b)'s language that forbids "possess[ing] with intent to sell" a controlled substance.

The information description is neither a shorthand description of the entire statute, cf. United States v. Gutierrez, 446 Fed. App'x 151, 154 (11th Cir. 2011) (per curiam), nor a generic label assigned by a computer, e.g., United States v.

<u>Savage</u>, 542 F.3d 959, 963 (2d Cir. 2008), nor is it an abstract of judgment approved merely by clerical staff, <u>e.g.</u>, <u>United States</u> v. <u>Gutierrez-Ramirez</u>, 405 F.3d 352, 358 (5th Cir.), <u>cert. denied</u>, 546 U.S. 888 (2005).  James provides us no reason to doubt that "Possession with Intent to Sell" in violation of section 21a-277(b) is an offense to which James pled.[3]

The BIA--in affirming the IJ--went beyond the trial court records and cited as well the appellate proceedings in James' original appeal.  Specifically, the Board highlighted the fact that the Connecticut appeals court, dealing with James' own reserved claim that his <u>Miranda</u> rights had not been waived, referred to the charge as "possession of a controlled substance with intent to sell," <u>James</u>, 887 A.2d at 925.  The appellate court also provided a detailed description of the events that preceded James' arrest and the oral statements that James made to police while in custody, which James had sought unsuccessfully to suppress and was now litigating about on the appeal.[4]

---

[3]James has argued that Connecticut law limits the use of <u>nolo contendere</u> pleas as evidence in subsequent state proceedings, <u>Town of Groton</u> v. <u>United Steelworkers of Am.</u>, 757 A.2d 501, 510 (Conn. 2000), but federal law requires only proof of the conviction and proof of such a conviction in a federal proceeding is not controlled by state law.  <u>Molina</u> v. <u>INS</u>, 981 F.2d 14, 19-20 (1st Cir. 1992).

[4]The opinion recounts that the Federal Express Corporation informed West Hartford police that the company's drug sniffing dogs had alerted employees to two boxes destined for delivery in that town; that the police unsealed the boxes and found "two large Igloo coolers containing approximately forty-eight pounds of marijuana

Whether <u>Shepard</u>'s reference to the records of "the convicting court," 544 U.S. at 23, excludes records of an appeals court decision in the same case is an unresolved question. A Ninth Circuit decision may have thought that it did, <u>Morales</u> v. <u>Gonzales</u>, 478 F.3d 972, 983 (9th Cir. 2007), but <u>Morales</u> relied on BIA precedents and the BIA subsequently said <u>Morales</u> "misread" those precedents. <u>See</u> <u>In re N-- A-- M--</u>, 24 I. & N. Dec. 336, 344 (B.I.A. 2007). Anyway, the charging document establishes that James did plead to possessing a controlled substance with intent to sell and that is all we need decide.

We also need not consider the government's alternative argument that, even if no aggravated felony was established, the record showed (1) that James' conviction under section 21a-277(b) was a conviction under a state law relating to a controlled substance, which would render him removable, and (2) that his eligibility for cancellation was forfeited by his failure to submit the mandatory application. The IJ and BIA rested on the record of conviction to establish a conviction for trafficking and so do we.

The petition for review is <u>denied</u>.

---

between them"; and that the police then arranged a controlled delivery followed by James' arrest, interrogation and the filing of charges against him. <u>See</u> <u>James</u>, 887 A.2d at 925-26 & n.3.